UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY,<br><br>        Plaintiff,<br><br>vs.<br><br>PAUL KRILEY<br><br>        Defendant | Case No.:<br><br>COMPLAINT |

1. This is a lawsuit for immigration financial support under the United States and Immigration Services ("USCIS") Form 1-864, Affidavit of Support ("Affidavit of Support").

2. The Affidavit of Support was created by the United States Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of financial wellbeing, sufficient to meet the most basic needs of life.

3. In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4. The Affidavit of Support is a legally binding contract between the sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5. Plaintiff Alena Kriley is the beneficiary of one Affidavit of Support signed by her husband, Defendant Paul Kriley.

6. Paul Kriley served as Alena Kriley primary and only immigration sponsor, and then failed to provide her with the basic level of income support promised in the Affidavit of Support that he signed.

COMPLAINT - 1

7. This lawsuit seeks to compel Paul Kriley to fulfill the financial duty mandated by the Affidavit of Support and associated federal law.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act See 8 U.S.C. § 1183a(e)(1).

9. This Court has personal jurisdiction over Mr. Kriley as, by signing an Affidavit of Support, he submitted to the jurisdiction of any court with subject matter jurisdiction over Plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

10. Venue is proper in this District as Paul Kriley resides in this District. 28 U.S.C. § 1391(b)(1).

11. Venue is further proper in this District as a substantial part of the events or omissions giving rise to the claims occurred in this District, to wit, the damages Alena Kriley suffered by virtue of the Defendant's breach of contract. 28 U.S.C. § 1391(b)(2).

## III. PARTIES

12. Plaintiff Alena Kriley is a citizen of the Belarus and lawful permanent resident ("Resident") of the United States of America.

13. Paul Kriley resides in Chicago.

14. Defendant Paul Kriley is a citizen of the United States of America and is the Plaintiff's estranged spouse.

15. As further alleged below, Paul Kriley served as the Plaintiffs immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to the Plaintiff.

## IV. FACTUAL ALLEGATIONS

COMPLAINT - 2

**Background concerning the Affidavit of Support.**

16. Since 1882 federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

17. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4)

18. The Affidavit of Support is required for a family-based immigration applicant to overcome public charge inadmissibility. See 8 U.S.C. § 1182(a)(4)(C).

19. The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit:

(A) self-petitioners under the Violence Against Women Act;

(B) grandfathered immigrants with petitions pending prior to December 19, 1997;

(B) those who have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act;

(D) a child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1); and

(E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

20. The Affidavit of Support has been mandatory in marriage-based immigration cases at all times material to the case at bar.

21. Once executed, the Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. §1183a(a)(1)(B).

22. By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1183a(a)(1)(A).

COMPLAINT - 3

23. As used in the Affidavit of Support, 8 U.S.C. § 1183a, and 8 C.F.R. Part 213a, "income" means an individual's total income (or adjusted gross income for those who file IRS Form 1040EZ) for purposes of the individual's U.S. Federal income tax liability, including a joint income tax return. 8 C.F.R. § 213a.1.

24. The Federal Poverty Guideline ("poverty line") is published annually in the Federal Register by the Department of Health and Human Services. See, e.g., Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022).

25. In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year according to the individual's U.S. state of residency.

26. The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1183a(a)(1)(B); 8 C.F.R. § 213a.2(d).

27. Per 8 C.F.R. § 213a.4(a)(2) a sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsorship obligation under the Affidavit of Support.

28. By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

29. By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept each of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States.

COMPLAINT - 4

30. The Affidavit of Support sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form 1-865. See 8 U.S.C. § 1183a(d).

31. A sponsor's duties under the Affidavit of Support commence when the beneficiary becomes a Resident based on and application that included the Affidavit of Support.

32. An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract. The term "Terminating Event" is not a term of art under the Immigration and Nationality Act, and is used here to refer collectively to the legal events that conclude the sponsor's obligations under the Affidavit of Support.

33. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

34. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

35. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

36. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

37. The sponsor's obligation under the Affidavit of Support concludes once the beneficiary

COMPLAINT - 5

dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E).

38. An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

39. Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(d).

40. A sponsor's support obligation under the Affidavit of Support commences when an intending immigrant obtains Resident status on the basis of an application that included the sponsor's Affidavit of Support. 8 C.F.R. § 213a.2(e)(1).

### Plaintiff's immigration to the United States.

41. Exhibits 1, 2, 3, 4, 5, 6 & 7 to this complaint are true and correct copies of documents from Alena Kriley's USCIS "Alien File". An Exhibit list is provided on the last page of this Complaint for ease of reference.

42. Alena Kriley was admitted to the United States on a B-2 category visa on March 2, 2014. Exhibit 1

43. Exhibit 2 is a copy of the U.S. Customs and Border Protection Form I-94 arrival record for Alena Kriley's March 2, 2014 admission.

44. Paul Kriley and Alena Kriley were married on January 21, 2016

45. Paul Kriley thereafter commenced the process of facilitating Alena Kriley's immigration to the United States.

46. Paul Kriley signed a U.S. Citizenship and Immigration Services ("USCIS") Form 1-130, Petition for Alien Relative.

COMPLAINT - 6

47. Exhibit 3 is a copy of USCIS Notice of Action (Form I-797C), confirming that the I-130, Petition for Alien Relative has been received by USCIS on August, 11 2016.

48. The Petition for Alien Relative listed Plaintiff as the intending immigrant beneficiary of the petition.

49. By filing Petition for Alien Relative Paul Kriley initiated the process of securing United States Residency status for Alena Kriley.

50. Alena Kriley signed a USCIS Form 1-485, Application to Register Permanent Residence or Adjust Status (the "Residency Application").

51. Exhibit 4 is a copy of USCIS Notice of Action (Form I-797C), confirming that the Alena's Kriley Application to Register Permanent Residence or Adjust Status was received by USCIS on August 16, 2016.

52. Under the "Prefference Classification" in the Notice of Action (Exhibits 3 and 4) it states: "201 B INA SPOUSE OF USC" which indicates that Alena's Kriley application was based on being the spouse of a U.S. citizen.

53. Alena Kriley's application was based on Paul Kriley's Petition for Alien Relative. If Paul Kriley did not sign Petition for Alien Relative, she would not have qualified to file her Application to Register Permanent Residence or Adjust Status based on the class of admission listed therein.

54. The Residency Application was filed with USCIS simultaneously with Petition for Alien Relative.

55. Alena Kriley did not file for any of the grounds listed at 8 C.F.R. § 213a.2(a)(2)(ii) that could have exempted her from the requirement to file an Affidavit of Support.

56. On July 25, 2016, Paul Kriley signed an Affidavit of Support, listing Alena Kriley as the

COMPLAINT - 7

intending immigrant beneficiary (the "Affidavit of Support").

57. A copy of the Affidavit of Support is attached as Exhibit 5.

58. Paul Kriley caused the Affidavit of Support to be filed with USCIS in support of Alena Kriley's Application to Register Permanent Residence or Adjust Status.

59. Upon being filed in support of the Apllication to Register Permanent Residence or Adjust Status, the Affidavit of Support was deemed executed and is an enforceable contract. 8 C.F.R. §213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

60. In support of the Affidavit of Support, Paul Kriley filed proof of his income in the form of documentation of his federal income tax filings with the Internal Revenue Service.

61. Stamp on the copy of Affidavit of Support indicates that it was Reviewed/Qualified by NBC.

62. On December 1, 2016 USCIS approved the Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status and issued Permanent Resident Card for Alena Kriley. Exhibit 6. On that date the support obligation imposed on sponsor under Affidavit of support began. 8 C.F.R. § 213a.2(e).

63. The category CR6 on the Permanent Resident Card indicates that it was issued based on marriage to United States citizen.

64. Paul Kriley and Alena Kriley jointly filed a Form 1-751, Petition to Remove Conditions on Residence ("Removal of Conditions Petition") in 2018.

65. Alena Kriley and Paul Kriley got separated September 29, 2020.

66. On March 22, 2022 the USCIS removed condition on permanent residence of Alena Kriley and granted her 10-years Green Card. Exhibit 7.

COMPLAINT - 8

**Defendants' breach of contract.**

67. Paul Kriley's duties under the Primary Affidavit of Support commenced on December 1, 2016.

68. Alena Kriley's Resident status was based on an application that included the Affidavit of Support.

69. The Affidavit of Support was "executed" and is therefore an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

70. December 1, 2016 (the date when Alena Kriley's application for adjustment of status was granted) the support obligation imposed on sponsor under Affidavit of Support began. 8 C.F.R. § 213a.2(e).

71. Alena Kriley and Paul Kriley separated on September 29, 2020. Since then Paul Kriley has not made any payments of support pursuant to his duty under the Affidavit of Support to present.

72. In 2020, 125% of the Federal Poverty Guidelines for household of one was $15, 950.00 and in 2021 125% of the Federal Poverty Guidelines for household of one was $16,100.00 and in 2022 125% of the Federal Poverty Guidelines for household of one is $16,987.50.

73. In 2020, 2021 and 2022 Alena Kriley earned no taxable income.

74. In 2020, Alena Kriley has suffered direct damages in the amount of $4,096.4, in 2021- $16,100.

75. Alena Kriley has suffered direct damages in the year 2022 in an amount to be determined at trial based on the current 125% of the Federal Poverty Guidelines which is $16,987.50 for 2022.

**Facts concerning Terminating Events.**

COMPLAINT - 9

76. No event has occurred that would constitute a Terminating Event under the Affidavits of Support.

77. First Terminating Event has not occurred because Alena Kriley has not become a U.S. citizen.

78. The Second Terminating Event has not occurred because Alena Kriley has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

79. The Third Terminating Event has not occurred because Alena Kriley has not both lost status as a permanent resident and departed from the U.S.

80. The Forth Terminating Event has not occurred because the Alena Kriley is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of supportt (if required).

81. The Fifth Terminating Event has not occurred because Alena Kriley is alive.

82. Paul Kriley's duties under the Affidavits of Support remain in effect.

## VII. CLAIMS FOR RELIEF

**1— Breach of contract.**

83. Alena Kriley re-alleges and incorporates all paragraphs above as though fully stated herein.

84. By executing the Affidavit of Support, Paul Kriley entered into an express written contract with the United States Government.

85. Alena Kriley is a third-party beneficiary of the Affidavit of Support.

86. Alena Kriley has standing as third-party to enforce her rights under the Affidavit of Support.

87. Under the express terms of the Affidavit of Support, Paul Kriley agreed to provide

Alena Kriley with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size.

88. Paul Kriley's duty to provide income support commenced on December 1, 2016 when Plaintiff became a lawful permanent resident of the United States.

89. All conditions precedent to Defendant's duty to perform on the Affidavit of Support were fulfilled as of December 1, 2016.

90. Paul Kriley has breached the Affidavit of Support by failing to provide income support to Alena Kriley.

91. There are no claims pending between the parties in any other jurisdiction which involve the same causes of action and operative facts. There is a divorce case pending between the parties entitled In Re Marriage of Paul Kriley (petitioner and counter-respondent), and Alena Kriley, (respondent and counter-petitioner, currently Pro Se) case No 2020D007036 in the Circuit Court of Cook County, which remains pending and undetermined.

92. As a result of Paul Kriley's breach, Alena Kriley has suffered damages in an amount to be determined at trial.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against the Defendants and in favor of Plaintiff on each and every cause of action asserted herein.

B. An award of actual damages in the amount of $ 4,096.45 through December 31, 2020.

C. An award of actual damages in the amount of $ 16,100.00 through December 31, 2021.

D. An award of actual damages in the amount of 125% of the Poverty line for a household

COMPLAINT - 11

size of one for the period from January 1, 2022 to the date on which judgment issues.

E. A declaration that Plaintiff is entitled to continued receipt of financial support from Defendant in the amount of 125% the poverty line for her household size, less taxable income, until the occurrence of one of the Terminating Events.

F. An order of specific performance, requiring Defendants to make monthly payments to Plaintiff for the amount set forth in Paragraph E above, until such time as a Terminating Event occurs. That such payments shall be due by the fifth calendar day of each month and deposited in the trust fund of Plaintiffs law firm.

G. An award of all Plaintiffs attorney fees and costs per 8 U.S.C. § 1183a(c) and the fee and cost provision within the Affidavit of Support contracts.

H. The right to amend this complaint to conform to the evidence presented at trial.

H. Such other and further relief in Plaintiffs favor as the Court may deem just and equitable under the circumstances.

Respectfully Submitted,

ALENA KRILEY

DATED: September 7, 2022

_____/s/_____
Scott T. Ferrill, Esquire

FERRILL LAW FIRM
Scott T. Ferrill
Attorney for Alena Kriley
801 N. Cass Avenue, Suite 200
Westmont, IL 60559
Ph: 708-369-1958
Email: chicagolaw@gmail
Attorney Bar Number: 6185405

COMPLAINT - 12

**Exhibit list**

*The following list is provided for ease of reference and does not constitute an independent allegation. All redactions in the exhibits marked "Redacted" were added to comply with Fed. R. Civ. Pro. 5.2.*

Exhibit 1 – Visa B2

Exhibit 2 - CBP Form 1-94 Record of Arrival.

Exhibit 3 — Form I-797C, Notice of Action. Petition for Alien Relative (I-130 form) has been received by USCIS.

Exhibit 4 — Form I-797C, Notice of Action. Application to register Permanent Residence or Adjust Status (I-485 form) has been received by USCIS.

Exhibit 5 — Affidavit of Support signed by Paul Kriley.

Exhibit 6 — 2 years Conditional Permanent Resident Card,

Exhibit 7 – 10 years Permanent Resident Card