Honorable Martha M. Pacold

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL KRILEY<br><br>    Defendant | Case No.: 1:22-cv-04832<br><br>**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED** |

PLAINTIFF, Alena Kriley, (hereinafter, "ALENA") by and through the undersigned attorney, hereby moves this court, pursuant to F.R.C.P. 12(f), to strike DEFENDANT, Paul Kriley, (hereinafter, "PAUL") Affirmative Defenses 1-6, as insufficient defenses as they fail to state valid legal affirmative defenses and to strike the affirmative defenses as redundant, immaterial, impertinent and scandalous matters.

MEMORANDUM

I.   Procedural history

On September 8, 2022 ALENA filed her action for immigration financial support under the United States and Immigration Services Form I-864, Affidavit of Support. On

January12, 2023 PAUL filed his Answer and Affirmative Defenses, in which he alleged six affirmative defenses supported by sixty-five pages of exhibits containing immaterial material with the sole intent to scandalize the ALENA, all in derogation of federal pleading requirements.

PAUL filed a divorce action against ALENA on October 2, 2020. The case remains pending and undetermined. No final orders have been entered and no Judgment of Dissolution has been entered. Although ALENA was represented by counsel in the divorce case initially, her attorney withdrew due to lack of funds and the failure of the divorce court to level the playing field, as is required by Illinois law, and award her attorneys' fees, the petition for attorneys' fees of which has been pending and undetermined for over one year. PAUL is represented by a Chicago law firm concentrating in divorce practice.

On January 10, 2022, while ALENA was still represented by counsel, ALENA filed several motions, one of which was a count for breach of contract of the I-864 Affidavit of Support. The motion was never heard, her attorney withdrew from representing ALENA and on September 2, 2022, ALENA, without objection by PAUL, withdrew her motion for breach of contract without prejudice. See Plaintiff's Exhibit 1.

The aforementioned divorce case, pending in Cook County, Illinois, 2020 D 7036, has no trial date and remains contentious, a Guardian ad Litem having been appointed for the minor child, over parenting time and parental responsibility (formerly called "custody"). Furthermore, ALENA had previously obtained two Orders of Protection against PAUL and PAUL obtained an Order of Protection against ALENA, of which ALENA is currently being prosecuted for, an alleged violation of PAUL's Order of Protection. The criminal

court Judge, on March 16, 2023 stated, it appears ALENA is eligible for a mitigation letter. A mitigation letter, if accepted by the Court, would result in ALENA completing Court requirements and would ultimately result in no conviction for violation of an order of protection and the case would be dismissed.

**II.     Substantive arguments**

In his Answer, PAUL admits he served as immigration sponsor for ALENA and executed an Affidavit of Support (Dkt.#21 at 2 line 10-11) and that ALENA is the beneficiary of an Affidavit of Support that he signed (Dkt.#21 at 1 line 20-21). PAUL also admitted that this Court has subject matter jurisdiction over the allegations contained in ALENA's Complaint (Dkt.#21at 1 line 27-28) and that the venue is appropriate (Dkt.#21at 2 line 2).

The Affidavit of Support sponsor must continue to perform under the contract as contained in the I-864 Affidavit of Support, until the occurrence of one of five events (collectively "**the Terminating Events**") as set forth in the contract that conclude the sponsor's obligations under Affidavit of Support. PAUL admitted that a terminating event did not occur (Dkt.#21at 6 line 18) and that his duties under the Affidavit of Support remain in affect (Dkt.#21at 6 line 28-29).

**First Affirmative Defense**

PAUL's First Affirmative Defense alleges ALENA has failed to mitigate damages. PAUL cites *Stump v. Stump*, No. 1:04-CV-253-TS, 2005 WL 2757329, (N.D. Ind. Oct. 25, 2005) and *Younis v. Farooqi*, 597 F. Supp. 2d 552, 556 (D. Md. 2009)) for the proposition that failure to mitigate damages, by not obtaining employment or citizenship, is a defense

in a breach of contract of an Affidavit of Support case. However, this is not the law in the 7th Circuit. As stated in *Wenfang Liu v. Mund*, 686 F.3d 418 (7th Cir. 2012), at p. 422, "In sum, we can't see much benefit to imposing a duty to mitigate on a sponsored immigrant." The 7th Circuit Court, over the Department of Justice position that there is an immigrant's duty to mitigate damages, clearly found there was not a duty to mitigate damages. Courts have consistently ruled that in the event the immigrant is unable or even unwilling to attain full-time employment, that does not relieve the sponsor of his liability under the affidavit, as these are not terminating conditions, *see* 8 U.S.C. § 1183a.

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous. Rule 12(f) provides that a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *See Beck v. Cantor, Fitzgerald Co.,* 621 F. Supp. 1547, 1565 (N.D.Ill. 1985); *Gilbert v. Eli Lilly Co.,* 56 F.R.D. 116, 120 n. 7 (D.P.R. 1972).

PAUL attaches an Order of Protection and claims the issuance date is the date of separation of the married parties, November 9, 2020. However, PAUL misleads the Court in that he previously admitted in the pending divorce case, that PAUL and ALENA have not lived together since September, 2020, in his RESPONSE TO MOTION FOR BREACH OF CONTRACT (Paragraph 17), a copy of which is attached as Exhibit 2.

Failure to mitigate damages is not an affirmative defense in I-864 Affidavit of Support cases as it is not one of the five terminating events. Attaching an Order of Protection is immaterial to any defense in this case and is further scandalous, not a valid legal defense and PAUL'S first affirmative defense should be stricken.

**Second Affirmative Defense**.

In his second affirmative defense PAUL claims ALENA has "had access to funds to support herself" and should be denied enforcement of the I-864 Affidavit of Support. PAUL then proceeds to discuss various loans from ALENA's mother, brother and sister to ALENA, all occurring during the parties separation. It is not unusual or untoward that due to PAUL failing to pay his I-864 Affidavit of Support obligations or provide any support whatsoever to ALENA, that ALENA would seek loans from relatives. PAUL claims ALENA has provided "very little information as it relates to her financials" and "upon further discovery it will show ALENA has been able to support herself" yet the dissolution of marriage case remains pending and undetermined since October, 2020, in which PAUL has counsel and ALENA is pro-se. Discovery was commenced, completed and closed and there are no motions to extend discovery or regarding any non-compliance with discovery.

PAUL further alleges that "it is not entirely clear if these loans should be considered debts for the purpose of income calculation." PAUL fails to cite any authority that loans are income for income calculations in these types of cases. District courts that have used 8 C.F.R. § 213a.1 to determine the income of any immigrant for I-864 Support calculations . *See Sultana v. MD Safayet Hossain* , 575 F.Supp.3d 696, 699–700 (N.D. Tex.

Dec. 15, 2021) (using 8 C.F.R. § 213a.1 to define income in granting the plaintiff a preliminary injunction against her former husband, I-864 Affidavit of Support sponsor); *Fukita v. Gist* , 2021 WL 288121, *5 (D. Minn. Jan. 28, 2021) ("As used in the pertinent regulations, 'income' means the sponsored immigrant's federally taxable income.").

ALENA is unemployed and has received no financial support from PAUL since she left on September 29, 2020. Because ALENA does not have earned income for the relevant period and any public assistance afforded to her is not taxable income, no offsets apply to reduce the amount owed by PAUL. Because no offsets are required, the Court should award defendant damages.

*Flores v. Flores*, 590 F. Supp. 3d 1373, 1382-83 (W.D. Wash. 2022).

Finally, there is no evidence presented by PAUL or even allegations, that the monies borrowed by ALENA were not valid loans, all supported by promissory notes, none of which have been forgiven by the lenders.

PAUL makes scandalous allegations in his second affirmative defense, discussing probe of a Lyft driver by ALENA for information as to hire a hitman. These allegations are meant to prejudice ALENA as they have nothing to do with any valid affirmative defense. PAUL knows that no criminal charges of any kind were ever brought against ALENA. Since PAUL has neither alleged nor provided even a scintilla of evidence that any loans taken out by ALENA from her relatives are not existing, not due and owing, have been forgiven or are gifts of any kind and PAUL'S second affirmative defense should be stricken as having no legal affect and is otherwise immaterial and scandalous.

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 6

**Third Affirmative Defense**

PAUL, for his third Affirmative Defense, claims he has inability to pay ALENA her contractually owed I-864 support and if ordered to pay, he would be unable to support the parties' minor child. PAUL fails to cite any authority whatsoever for this proposition.

Additionally, PAUL brings up immaterial and scandalous matters by claiming the ALENA has no parenting time and only brief face time calls with the minor child. This allegation is also false in that ALENA has Zoom Parenting Time on Sunday, Monday, Wednesday and Thursday for at least 60 minutes and on Saturday for a duration of one and one-half hours. PAUL claims if ordered to pay ALENA support he would himself have his income below poverty guidelines. None of these excuses are valid affirmative defenses to this action.

Finally, PAUL claims as an affirmative defense that his payment of support to ALENA would be against public policy because of his alleged inability to support the parties' minor child. Federal courts recognize that the purpose of Form I-864 is to prevent sponsored immigrants from becoming dependent on taxpayers for support. *See, e.g.*, *Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012). ALENA has already become a public charge and currently is enrolled in Medicaid, food stamps and receives $600.00 per month in temporary housing assistance.

PAUL'S third affirmative defense is without legal affect and is otherwise scandalous and immaterial and should be stricken.

**Fourth Affirmative Defense**

In his Fourth Affirmative Defense, PAUL has alleged that ALENA is

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 7

removable/deportable and ineligible for cancellation of removal. (Dkt.#21, p.11 line 22). PAUL cited 8 U.S.C. i1227(a)(2)(E)(ii) for this proposition. The PAUL misleads this Court as to facts and law.

Factually, PAUL misleads the Court by stating ALENA is both removable and ineligible for cancellation. The INS has not filed a Petition to Remove as the ALENA has not been convicted of any deportable offense. Finally, even if ALENA is removed, PAUL would be able to file a motion to vacate any future support order judgment, as one of the five statutory termination events occurred.

Legally, PAUL misleads the Court by stating the ALENA is ineligible for cancellation of removal. Criminal waivers – such as 212(c), 212(h) and EOIR-42A Cancellation of Removal for Legal Permanent Residents – are available to certain permanent residents who are being charged with deportability due to a criminal offense. There are numerous defenses to deportation, which can be averred in any cancellation of removal and additional specific remedies such as an application for waiver by the Attorney General. See, 8 U.S.C. 1227(a)(7) which states:

> (7) Waiver for victims of domestic violence
>   (A) In general
>     The Attorney General is not limited by the criminal court record and may waive the application of paragraph (2)(E)(i) (with respect to crimes of domestic violence and crimes of stalking) and (ii) in the case of an alien who has been battered or subjected to extreme cruelty and who is not and was not the primary perpetrator of violence in the relationship—
>   (i) [1] upon a determination that—
>     (I) the alien was acting is [2] self-defense;
>     (II) the alien was found to have violated a protection order intended to protect the alien; or
>     (III) the alien committed, was arrested for, was convicted of, or pled guilty to committing a crime—

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 8

    (aa) that did not result in serious bodily injury; and
    (bb) where there was a connection between the crime and the alien's having been battered or subjected to extreme cruelty.
  (B) Credible evidence considered
   In acting on applications under this paragraph, the Attorney General shall consider any credible evidence relevant to the application. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.

In spite of PAUL's numerous arguments and the citation of various cases involving removal, there is no legally valid affirmative defense raised in that ALENA has not plead guilty nor was she convicted of any criminal violation of any order of protection. ALENA has not left the United States permanently, a termination event, either voluntarily or by Order of Removal by an Immigration Court.

  The statements contained in PAUL'S Fourth Affirmative Defense are scandalous and immaterial and do not relate in any way to a valid affirmative defense and should be stricken and contain false allegations intending to mislead the Court, which include, but are not limited to, the statement by PAUL, "…and uncontestably, a court determined that ALENA engaged in conduct that violated the no-contact provision." This is an outright false statement as the ALENA has not plead guilty and there has been no trial, jury or bench, on the complaint and the Court has made no written findings or determinations that ALENA violated the no-contact provisions.

  In *Belevich v. Thomas*, 17 F.4th 1048 (11th Cir. 2021) the defendant in that case also tried to argue a pending criminal matter as a defense, in that plaintiff was criminally charged with child abuse and possession of child pornography. The Court ruled that "But we cannot create equitable defenses to a statutory cause of action when the text forecloses

them." (p. 1053). Furthermore, the Court at 1053, stated, "The enumerated terminating events conform to this purpose: An immigrant is unlikely to become a public charge if he maintains stable employment, leaves the country, becomes supported by someone else, or dies. *See 8 C.F.R. § 213a.2(e)(2)(i)*. Finally, the court stated, at 1053, "Importantly, it is not enough that the sponsored immigrant's conduct-such as committing a crime-could justify a change to the immigrant's status. The obligation of support remains until the change in status has occurred and the immigrant is no longer likely to become a public charge."

PAUL'S fourth affirmative defense, failing to allege any legal defense, should be stricken.

**Fifth Affirmative Defense**

In his Fifth Affirmative Defense PAUL has alleged that he has custody of the party's child, that ALENA has an obligation to pay the PAUL Child Support and is not paying. PAUL misleads the Court in that there is no custody or child support order and the divorce case remains pending and undetermined.

However, even if there was a child support order in place, for either party, it is not considered income for purpose of paying 125% poverty guideline level as child support is not considered income. See *Ronchin v. Hoop*, 19 C 3981, at *7 (N.D. Ill. Oct. 21, 2021) ("The distinction is important here because alimony is income under an I-864 affidavit of support, Belevich, 2019 WL 2550023, at *5, while child support is not, *Younis v. Farooqi*, 597 F.Supp.2d 552, 555 (D. Md. 2009"). The court notes, moreover, that in the event the defendant is unable or even unwilling to attain full-time employment, that does not

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 10

necessarily relieve the defendant of his liability under the affidavit, as these are not terminating conditions, see 8 U.S.C. § 1183a.

Lack of payment of child support by ALENA is not a terminating event. ALENA is not obligated to pay child support in the pending divorce case and therefore there is no factual basis for the fifth affirmative defense.

**Sixth Affirmative Defense**

In his Sixth Affirmative Defense PAUL has alleged that the doctrine of res judicata should apply. PAUL cites two cases in support of his sixth affirmative defense, namely *Kawai v. Uacearnaigh* 249 F. Supp. 3d 821 (D.S.C. 2017) [dismissing I-864 action in federal Court under Younger abstention because of ongoing family court proceedings where federal claims may adequately be raised] (see Dkt#21, p. 15, line 26-28) and *Yanguil v. Lee*, 2014 WL 1400959 (E.D. Cal Apr. 10, 2014 [res judicata dismissal because I-864 was raised in settlement conference in divorce Dkt #21, p. 15, line 24-25, 28, p. 16 line 2-3).

The 7th Circuit has defined res judicata as: "Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997)" *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). There can be no res judicata in the instant case as there is no final judgment in the divorce case.

As indicated previously, there is not even a trial date set in the 2020 divorce case and

although ALENA did file a motion for breach of contract of the I-864 Affidavit, her attorney withdrew, she is proceeding on her divorce case pro-se without an order or ruling on her motion for temporary attorneys' fees and was forced to withdraw her claim for breach of contract, without objection by PAUL and without prejudice, as she has neither the legal ability nor funds to pay for counsel, to proceed with her claim for breach of contract and has since become nearly homeless and has become a public charge, exactly what the I-864 Affidavit was meant to avoid. Furthermore the divorce court has been unable or unwilling to set a hearing date for her motion for breach of contract, thus delaying her case to the point of becoming a public charge and denying her due process in the pursuit of her federal statutory right to proceed with enforcement of her I-864 Affidavit in state court, thus forcing her to file the instant claim in federal court.

In *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) citing *Matrix IV, Inc. v. American National Bank*, 649 F.3d at 547 the Court found that lack of a final judgement in the party's divorce case meant no application of res judicata, where in *Yanguil v. Lee* on which PAUL relies, a Judgment of Divorce was entered in the Superior Court for the State of California. Therefore, res judicata defense fails as the third element for res judicata is not met in this case.

PAUL also argues the Younger abstention (sic) doctrine applies. The Younger abstention doctrine is limited in scope and only applies in three classes of cases: where federal jurisdiction would intrude into ongoing state criminal proceedings, or into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings "that implicate a State interest in enforcing the orders and judgments

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 12

of its courts." *Sprint Communications, Inc. v. Jacobs*, ––U.S. ––, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013)." *Mulholland v. Marion Cnty. Election Bd.,* 746 F.3d 811, 815 (7th Cir. 2014). Further, this court must first determine whether the threshold issue of interference is present. See, *Montgomery v. Montgomery,* 764 F.Supp.2d 328, 333 D.N.H. 2011). This case would neither enjoin the state proceeding nor have the practical effect of doing so. ALENA only seeks an award of support payable by PAUL, past and future together with attorneys' fees and costs.

To date, the active Cook County divorce case has held no hearings and no court orders or judgment(s) have been entered on the issue of maintenance, child support, alimony, spousal support, division of marital assets or debts, child custody or any other matter involving financial issues. Therefore, judgment in this court cannot implicate "State's interest in enforcing the orders and judgements of its court" as there are none. "Outside of these three "exceptional" situations, the *Younger* abstention is not appropriate, even when there is a risk of litigating the same dispute in parallel and redundant state and federal proceedings. Id. at 591; *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir.2004). (The problems posed by parallel state and federal proceedings are managed under the narrower abstention doctrine of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which ordinarily calls for a stay rather than dismissal when it applies, but still prevents duplication.)" *Mulholland v. Marion Cnty. Election Bd.,* 746 F.3d 811, 816 (7th Cir. 2014).

This case differs from that of *Kawai v. Uacearnaigh* in that in ALENA'S pending divorce case there is no duplicative or parallel to this action pending in the state divorce

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 13

case, therefore Colorado River Doctrine is not applicable in this case. The only court where an action to enforce the Affidavit of Financial support under federal law is pending is in this district court. Moreover, the *Kawai* court found "The parties have failed to provide any indication the Family Court would avoid appropriately considering Plaintiff's claim for support under the I–864 Affidavit" whereas in this case the claim is not pending and when it was pending there was every indication that ALENA'S claim would not be promptly resolved.

However, in the instant case ALENA raised her claim initially in state Court but the state Court failed and refused to set her motion for hearing, her attorney withdrew and she was forced to withdraw her claim, as previously stated. Indeed her state claim was pending from 1/10/2022 to 9/2/2022, when she voluntarily withdrew the federal I-864, after a passage of nearly nine months time, without even setting the matter for trial or hearing. There therefore was no prompt resolution of her I-864 claim in state divorce court and when the Court would decide the case is unknown other than it would never be promptly resolved.

The Supreme Court, however, "has cautioned that abstention is appropriate only in `exceptional circumstances,' and has also emphasized that federal courts have a `virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reinsurance Corp.,* 347 F.3d 272, 278 (7th Cir. 2003) (internal citations omitted).

The instant case is closer to that of *Truserv Corp. v. Flegles, Inc.,* 419 F.3d 584 at 593 (7th Cir. 2005), "In the end, this case turns on how seriously we take the admonition from

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 14

the Supreme Court not to stay or dismiss actions without strong justification to do so." *AXA,* 347 F.3d at 279. We again emphasize the remarkably difficult standard that must be met before we can refuse our "virtually unflagging obligation" to exercise jurisdiction. *See Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236; *AAR,* 250 F.3d at 520 (noting that "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction"). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the **complete and prompt resolution** (emphasis added) of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *AAR,* 250 F.3d at 518 (internal quotations omitted).

PRAYER FOR RELIEF:

Plaintiff prays this Honorable Court enter an Order granting her Motion to Strike the Defendant's six affirmative defenses and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Alena Kriley

By: ALENA KRILEY

Dated: 03/16/2023

/s/ Scott T. Ferrill

By: Scott T. Ferrill, Plaintiff's Attorney

Ferrill Law Firm 801 N. Cass Ave., Suite 200 Westmont, IL 60559
(708) 369-1958
chicagolaw@gmail.com

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 15