```
                                                              FILED
                                                              2/10/2022 1:53 PM
          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       IRIS Y. MARTINEZ
          COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION     CIRCUIT CLERK
                                                              COOK COUNTY, IL
                                                              2020D007036
```

IN RE THE MARRIAGE OF: )
  )
PAUL KRILEY, )
Petitioner, )
    -and- ) No.: 2020 D 7036
  )
ALENA KRILEY, ) Cal.: 97
Respondent. )

### RESPONSE TO MOTION FOR TEMPORARY SUPPORT AND BREACH OF CONTRACT AND FOR CONTRIBUTION TO ATTORNEYS' FEES AND COSTS

NOW COMES THE PETITIONER, PAUL KRILEY, by and through his attorneys, THE TARADASH GROUP, P.C. and as and for his Response to Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs (hereinafter MOTION), respectfully states unto this Honorable Court as follows:

### COUNT I – MOTION FOR TEMPORARY SUPPORT

1. That the Petitioner admits the allegations as set forth in paragraph one (1) of the MOTION.

2. That the Petitioner admits the allegations as set forth in paragraph two (2) of the MOTION.

3. That the Petitioner admits only that he is currently employed and has an education. That the Petitioner denies the remaining allegations as set forth in paragraph three (3) of the MOTION.

4. That the Petitoner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph four (4) of the **MOTION** and therefore denies the same.

5. That the Petitioner admits only that Respondent is an immigrant from Belarus. That the



Petitioner denies the allegation that the Respondent has limited English proficiency. That the Petitioner admits that the Respondent has no education in the United States but affirmatively states that she received an education in Belarus. That the Petitioner admits only that the Respondent had stent implanted into her pelvis. That the Petitioner denies the remaining allegations as set forth in paragraph five (5) of the **MOTION**.

6. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph six (6) of the **MOTION** and therefore denies the same.

7. That the Petitioner denies the allegations as set forth in paragraph seven (7) of the **MOTION**.

8. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph eight (8) of the **MOTION** and therefore denies the same.

9. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph nine (9) of the **MOTION** and therefore denies the same.

10. That the Petitioner denies the allegations as set forth in paragraph ten (10) of the **MOTION**.

11. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph eleven (11) of the **MOTION** and therefore denies the same.

12. That the Petitioner denies the allegations as set forth in paragraph twelve (12) of the **MOTION**.

13. That the Petitioner denies the allegations as set forth in paragraph thirteen (13) of the **MOTION**.

**WHEREFORE, PETITIONER, PAUL KRILEY**, respectfully prays as follows:

A. Denying the Motion; and

B. For any such further and other relief that this Honorable Court deems just and equitable.

## COUNT II – MOTION FOR BREACH OF CONTRACT

1. No response necessary.

14. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph fourteen (14) of the **MOTION** and therefore denies the same.

15. That the Petitioner admits the allegations as set forth in paragraph fifteen (15) of the **MOTION**.

16. That the Petitioner admits the allegations as set forth in paragraph sixteen (16) of the **MOTION**.

17. That the Petitioner admits only that Paul and Alena have not lived together since September 2020. That the Petitioner denies the remaining allegations as set forth in paragraph seventeen (17) of the **MOTION**.

18. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

19. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

20. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

21. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-one (21) of the **MOTION** and therefore denies the same.

22. That the Petitioner denies the allegations as set forth in paragraph twenty-two (22) of the **MOTION**.

**WHEREFORE, PETITIONER, PAUL KRILEY**, respectfully prays as follows:

A. Denying the Motion; and

B. For any such further and other relief that this Honorable Court deems just and equitable.

## COUNT III – MOTION FOR PRESPECTIVE FEES

1. No response necessary.

23. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-three (23) of the **MOTION** and therefore denies the same.

24. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-four (24) of the **MOTION** and therefore denies the same.

25. Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-five (25) of the **MOTION** and therefore denies the same.

26. That the Petitioner denies the allegations as set forth in paragraph twenty-six (26) of the **MOTION**. That the Petitioner affirmatively states that he has caused to be paid to The Taradash Group, P.C. the sum of $15,750.00 and has a current outstanding balance of $5,908.67.

27. That the Petitioner denies the allegations as set forth in paragraph twenty-seven (27) of

the **MOTION**.

28. That the Petitioner denies the allegations as set forth in paragraph twenty-eight (28) of the **MOTION**.

29. That the Petitioner denies the allegations as set forth in paragraph twenty-nine (29) of the **MOTION**.

30. That the Petitioner admits only that the Respondent attached an Exhibit to her Motion.

31. That the Petitioner admits only that the Respondent has completed her financial affidavit.

**WHEREFORE, PETITIONER, PAUL KRILEY**, respectfully prays as follows:

C. Denying the Motion; and

D. For any such further and other relief that this Honorable Court deems just and equitable.

**THE TARADASH GROUP, P.C.**
Attorneys for Petitioner
180 N. LaSalle St. Ste. 3700
Chicago, IL 60601
312-775-1020
Atty. No.: 57943
meyer@chicagodivorceatty.com

Respectfully submitted,

_____
One of Petitioner's Attorneys

STATE OF ILLINOIS      )
                       )  SS:
COUNTY OF COOK         )

## VERIFICATION

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he or she verily believes the same to be true.

PAUL KRILEY

**THE TARADASH GROUP, P.C.**
Attorneys for Petitioner
180 North LaSalle, Suite 3700
Chicago, IL 60601
312.775.1020
Atty. No. 57943
meyer@chicagodivorceatty.com