UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY,<br><br>       Plaintiff,<br><br>   vs.<br><br>PAUL KRILEY,<br><br>       Defendant. | ) Case No.: 22 C 4832<br>)<br>) DEFENDANT'S ANSWER TO PLAINTIFF'S<br>) MOTION TO STRIKE AFFIRMATIVE<br>) DEFENSES AND REDUNDANT,<br>) IMPERTINENT AND SCANDALOUS<br>) MATTERS<br>)<br>) ASSIGNED JUDGE: Martha M. Pacold<br>) MAGISTRATE JUDGE: Jeffrey Cole |

As a general response to the arguments presented by the Plaintiff in her Motion to Strike Affirmative Defenses and Redundant, Impertinent and Scandalous Matters, the Plaintiff presents her vehement argues in favor of why the Defendant's Affirmative Defenses should fail. However, her bases for her arguments are not those of a motion to strike, but of a general responsive argument that would be far better suited as such. The Plaintiff spends much of her argument complaining of the scandalous nature of the Defendant's allegations when all of these items are mere recitations of prior, relevant facts that are contextually important for this Court to consider when weighing the arguments presented by the Defendant. Furthermore, the Plaintiff does not cite to *legal* cause as to why the Defendant's defenses should be stricken, but argues why this Court should deny them. The Plaintiff is entitled to make these arguments, but should do so at the proper time.

**FIRST DEFENSE**

Defendant admits that the matter of *Wenfang Liu v. Mund* illustrates the 7th Circuit's prior position on mitigation in regards to requiring a sponsored immigrant to seek work. However, The *Wenfang Liu* Court was faced with a different set of facts. The matter of *Wengfang Liu* was a rather straightforward issue. The parties met in China, married, moved to the United States after the Husband signed an I-864 affidavit, and then divorced two (2)

years later. The key difference in this current matter is that there were no children involved. In this situation, the Plaintiff has a financial obligation to her child as well in which she is making little no efforts to support. The duty of mitigation goes beyond simple contract law and extends to the additional arguments and defenses that are being presented by the Defendant. Beyond that, the situation here is different in that the Plaintiff is not only passively not seeking work, but aggressively choosing to pursue rampant litigation against the Defendant in lieu of efforts at working.

Additionally, this Court has never considered the duty to mitigate efforts in resolving their residency status as to become a United States Citizen. *Wengfang Liu* specifically deals with the issue of financial mitigation, not efforts at becoming a citizen. As such, there is no basis to strike this defense under *Wengfang Liu*. While normally this would not seem to be a more pressing issue, the Plaintiff's actions of violating orders of protections puts her residency status at risk and could be investigated at any time by ICE to being the removal process. This is not a scandalous, irrelevant issue, but a fact of the matter and one that needs to be considered by this Court. This matters because she has a child with the Defendant and her removal from the country would also remove her almost entirely from her child's life. It would seem prudent for her to prioritize establishing her citizenship to avoid such an issue.

The Plaintiff's argument that the Defendant's First Affirmative Defense should be stricken should be denied as it is neither scandalous and presents a valid legal defense.

**SECOND DEFENSE**

The Plaintiff's argument regarding the Defendant's Second Affirmative Defense is not representative of an argument to strike but is a request that this Court accept her version of facts as the truth of the matter without consideration of context or evidence. Whether or not the Plaintiff has been receiving gifts, loans, or does have income is a question of fact that needs to be determined at a later time once discovery has been completed.

In regards to the parties' domestic relation case, discovery has not been completed and Plaintiff has been largely uncooperative in producing discovery. Discovery is additionally still not closed in that matter as the Plaintiff herself is litigating discovery from third-parties, amongst dozens of other pro se pleadings that she has filed in that matter.

Plaintiff's financial situation remains a complete mystery that needs to be unraveled so this Court can make a proper determination as to whether offsets should be provided against any possible damages. The Defendant does not know whether or not the Plaintiff has earned income as the minimal financial disclosures that she has provided shows that she is able to pay back large swaths of funds, afford multiple attorneys, fly to Florida and inquire whether she can hire a hitman, and hire a taxi to flee across the county with the parties' minor child.

The Plaintiff argument improperly places the burden upon the Defendant to prove, pre-discovery, that her alleged loans are not debts. This is not a valid argument to strike his affirmative defense nor is providing this Court insight upon the shady financial dealings that the Plaintiff has attempted to undertake "scandalous" in nature. Again, the financial resources the Plaintiff has access to is a matter of fact that needs to be resolved after full disclosures and trial and cannot be resolved at this juncture via the Plaintiff's motion to strike.

**THIRD DEFENSE**

The Plaintiff argues here that the Defendant fails to cite authority for his inability to support the parties' minor child if ordered to pay the full I-864 support. The Defendant has submitted his sworn financial affidavit as an exhibit that was created as part of his domestic relations matter which shows an income of $2,120.00 a month (Exhibit 4 from Defendant's Answer to complaint). To state that he would be unable to support the parties' child after paying what the Plaintiff is requesting is just fact.

The Plaintiff further does not correct anything that Defendant states in his answer nor does she state that anything is untrue. Only recently has Plaintiff been granted this Zoom parenting time as she remains a constant flight risk based on her previous actions in which

she absconded to New York with the minor child in the middle of the night. For statutory purposes, the "parenting time" that Plaintiff has is a restricted form of time that would not count towards the statutory guidelines in determining child support. Nothing the Defendant has stated is "scandalous". The Plaintiff has seemed to have taken to that term as a means to quash any negative fact about her.

This is an issue of seemingly first impression for this Court that needs to be addressed. When the sponsor for an I-864 immigrant is 100% responsible for the caretaking of the parties' child and the sponsored immigrant offers no support nor has any parenting time with the minor child, a conflict exists. It needs to be considered that while Plaintiff argues she is at risk of becoming a public charge, the result as Plaintiff intends in her complaint would certainly cause Defendant and the minor child to also become public charges.


**FOURTH DEFENSE:**

Defendant is the victim of domestic violence perpetrated the Plaintiff, for which there is a civil Order of Protection and a November 30, 2022, Cook County Domestic Violence criminal charge for violation of the Order of Protection. The Cook County Branch 64 Case Summary for Case # 22DV7540001 was attached and incorporated as Exhibit 5 of Defendant's Answer to Complaint. The original Order of Protection was a result of the Plaintiff taking a series of actions against Defendant which are delineated in detail on Defendant's Petition for Emergency Order of Protection (Exhibit 6 from Defendant's Answer to complaint). Some general examples include verbal, emotional, and physical abuse as well as threats against the lives of Defendant and his family.

On November 30, 2022, Plaintiff was arrested for violation of the Order and released on bail (Bail Order attached as Exhibit 7 to Defendant's Answer to Complaint). This case remains undetermined and pending in Cook County under case 22 DV 7540001. Therefore, Defendant noted in the answer to his original complaint that, "Plaintiff *may* be removable and ineligible for cancellation of removal."

The Plaintiff claims twice that "PAUL misleads the Court by stating ALENA is both removable and ineligible for cancellation." The Plaintiff's argument is founded on the fact that she has not yet been found guilty of violating the Order of Protection but admits there is an Order of Protection in place for the protection the Defendant and their Minor Child. The Plaintiff alleges that even if she is found guilty of violating the Order of Protection, the Plaintiff is eligible for a waiver under 8 U.S.C. 1227(a)(7). The Plaintiff misleads the Court by citing a statue with potential waivers for "Victims of Domestic Violence". The reason The Plaintiff does not specifically point out which waiver within 8 U.S.C. 12227(a)(7) applies to her in this case is because none of the potential basis for a waiver applies to the Plaintiff. The Plaintiff is not the victim of domestic violence according to the pending Domestic Violence and Domestic Relations cases, was not acting in self-defense, nor was the Order of Protection designed to protect the Plaintiff.

To qualify for cancellation of removal under INA § 240A(b), the Plaintiff must show that she has not been convicted of a disqualifying offense, which includes conduct described in INA § 237(a)(2)(E)(ii). *See* 8 U.S.C. § 1229b(b)(1)(C); 8 C.F.R. § 1240.8(d). Specifically, INA § 237(a)(2)(E)(ii) provides: [a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines *has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury* to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

8 U.S.C. § 1227(a)(2)(E)(ii) (emphasis added).

Thus, an alien such as potentially the Plairiff is ineligible for cancellation of removal if she has been convicted of an offense amounting to conduct which "violates the portion of a protection order that involves protection against credible threats of violence, repeated

harassment, or bodily injury." The Plaintiff alleges she has not been determined by a Court to have violated the no-contact provision. However, the Plaintiff doesn't even attempt to provide a defense, if any exists, as to the allegations of violating the Order of Protection.

**FIFTH DEFENSE**

The Defendant restates and realleges his responses regarding affirmative defenses one through four as his response to the Motion to Dismiss Defendant's Fifth affirmative defense. Plaintiff has an obligation to pay the Defendant Child Support. *Naik v. Naik*, 944 A. 2d 713 - NJ: Appellate Div. 2008. The Defendant has custody of the party's child and the Plaintiff is presently not paying the Defendant child support.

**SIXTH DEFENSE**

This Court should also consider hanging its proverbial hat on dismissing this case due to the doctrine of res judicate. The Defendant and the Plaintiff addressed the issue of breach of the I-864 contract in their pending dissolution of marriage. The Plaintiff does not provide this Court with the complete history of the litigation pertaining the I-864, Affidavit of Support and the underlying Cook County Domestic Relations Case 2020D007036.

For example, it is stated several times that the Plaintiff was Pro Se and could not afford an attorney in the Domestic Relations matter. However, the Plaintiff has had multiple attorneys represent her whom she paid thousands of dollars.

On January 10, 2022, the Plaintiff filed her Motion for Temporary Relief and Breach of Contract. See the Defendant's Exhibit 1. The Plaintiff's motion was filed by one her attorneys, Opal O'Brien, LLC.

On Page 5 of The Plaintiff's motion she writes that "Alena has paid OPAL O'BRIEN LLC $15,000.00 in attorney fees."

On Page 4 of the Plaintff's Motion for Breach of Contract, the Plaintiff alleges:

18. The purpose of the I-864 Affidavit of Support is to preclude admission to the United States of any alien who is likely at any time to become a public charge. *See Bychina v. Astrakhantsev*, 2021 Ill.App.2d 200303 (2nd Dist. 2021).

19. Our divorce Courts are required to consider this breach of contract in pending divorce proceedings. *See Bychina v. Astrakhantsev*, 2021 Ill.App.2d 200303 (2nd Dist. 2021).

20. Furthermore, in the *Bychnia* case, the Second District Court of Appeals reversed the Trial Court's decision declining to rule on the merits of petitioner's breach of contract claim with regard to an Affidavit of Support from an immigration case. *See In re Marriage of Bychina*, 2021 IL App (2d) 200303. In *Bychina*, the higher Court held "Respondent's obligations under the Affidavit of support are separate from any obligations, such as maintenance, he may have under Illinois divorce law." *See Id.* As such, the *Bychina* Court held that the petitioner's breach of contract claim with respect to the Affidavit of Support should have been heard by the Trial Court (in State, not Federal Court).

State courts have jurisdiction to hear claims seeking to enforce Form I-864 obligations. See, *e.g.*, *In re Marriage of Kumar*, 13 Cal.App.5th 1072, 220 Cal. Rptr. 3d 863, 868 (2017) (holding that immigrant wife had standing to enforce in state court support obligation under Form I-864 as a binding contract; "state courts regularly exercise jurisdiction over contract claims involving I-864 affidavits brought by the sponsored immigrant"; citing cases for same); *Motlagh v. Motlagh*, 2017-Ohio-8667, 100 N.E.3d 937, ¶ 9 (App. 2 Dist.) ("[c]ourts have typically interpreted the statute[, *i.e.*, 8 U.S.C. 1183a(e),] as permitting a sponsored immigrant to seek enforcement of the affidavit in divorce actions"; citing cases for same).

On January 25, 2022, the Plaintiff presented her Motion for Temporary Support and Breach of Contract to the Judge Martinez of the Cook County Domestic Relations Court. Judge Martinez entered an Order setting a briefing schedule on the Plaintiff's motion. See the Defendant's Exhibit 2. On February 10, 2022, the Defendant filed his response to the

Plaintiff's breach of contract motion. See the Plaintiff's Exhibit 2. On February 17, 2022, the Plaintiff filed her reply to the Defendant's response. On March 9, 2022, Judge Martinez set the Motion for Temporary Support and Breach of Contract to be heard at Trial May 2-5. See the Defendant's Exhibit 3. The Trial date was later stricken and the Plaintiff subsequently withdrew her Motion for Breach of Contract. See the Plaintiff's Exhibit 1.

The doctrine of res judicata should apply and Plaintiff and Defendant have an ongoing domestic relations case where the affidavit of support has been brought up. See *Kawai v. Uacearnaigh,* 249 F. Supp. 3d 821 (D.S.C. 2017) [dismissing I-864 action in federal Court under *Younger* abstention because of ongoing family court proceedings where federal claims may adequately be raised]; *Yanguil v. Lee,* 2014 WL 1400959 (E.D. Cal Apr. 10, 2014 [ res judicata dismissal because I-864 was raised in settlement conference in divorce proceedings].

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has derived the following test to determine when abstention is appropriate: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex*, 457 U.S. at 432, 102 S.Ct. 2515). In weighing the application of *Younger*, the Court heeds the "basic proposition that 'abstention from the exercise of federal jurisdiction is the exception, not the rule.' " *Emp'rs Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)). Even where *Younger* abstention is at issue, federal courts have a " 'virtually unflagging obligation ... to exercise the jurisdiction given.' " *Deakins v. Monaghan*, 484 U.S. 193, 204, 108 S.Ct. 523, 98 L.Ed.2d 529

(1988) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

Applying the above standards to the instant matter, it is undisputed the parties are currently embroiled in divorce proceedings in the Cook County Domestic Relations Court. As noted above, the Family Court Action has been pending since 2020. Consequently, the Family Court Action predates this action, and the first factor is met because there are ongoing state judicial proceedings involving the parties.

Additionally, it is uncontroverted the Domestic Relations Court action implicates important state interests. As stated, the Family Court Action involves divorce, an area of family law, which is a core source of state authority and thus is an "important" state interest. *See Harper*, 396 F.3d at 351. Moreover, the Family Court Action involves the issue of spousal support, as seen in the pending motions from the Domestic Relations Court's March 9, 2022 Order. See DEFENDANT's Exhibit 3. Thus, the second factor is also met.

The final factor, whether there is an adequate opportunity to raise the federal claim in the Family Court Action, is likewise met. The parties have failed to provide any indication the Family Court would avoid appropriately considering the Plaintiff's claim for support under the I–864 Affidavit. Although the Plaintiff withdrew her Motion for Breach of Contract, the divorce proceedings remain ongoing, and the Plaintiff certainly has the opportunity to raise her claim for support under the I–864 Affidavit in the Family Court Action.

In *Doherty v. Federal Deposit Insurance Corporation*, 932 F.3d 978, 983 (7th Circuit 2019), the Court wrote that "Illinois courts have applied *res judicata* broadly. "The doctrine extends not only to what was actually decided in the original action, but also to matters which *could have been decided* in that suit." *Doe v. Gleicher*, 393 Ill.App.3d 31, 331 Ill.Dec. 711, 911 N.E.2d 532, 537 (2009) (quoting *Rein*, 216 Ill.Dec. 642, 665 N.E.2d at

1204). However, "[e]quity dictates that the doctrine of *res judicata* will not be technically applied if to do so would create inequitable and unjust results. [It] should not be applied ... where it would be fundamentally unfair to do so ... [and] should only be applied as fairness and justice require." *Piagentini*, 327 Ill.Dec. 253, 901 N.E.2d at 990–91 (citations and quotations omitted). "Although it is recommended that the doctrine receive a liberal construction and should be applied without technical restrictions, it has also been recommended that the doctrine should not be applied so rigidly as to defeat the ends of justice." *Fed. Signal Corp. v. SLC Techs., Inc.*, 318 Ill.App.3d 1101, 252 Ill.Dec. 910, 743 N.E.2d 1066, 1077 (2001) (quoting *Thornton v. Williams*, 89 Ill.App.3d 544, 45 Ill.Dec. 24, 412 N.E.2d 157, 159 (1980)).

In this case, it would fundamentally be unfair to not apply the doctrine of res judicata due to parallel issues of child support, spousal support, and attorney's fees all being litigated amongst the same parties in the pending Cook County Domestic Relations matter. This Court should enforce the doctrine of res judicate to prevent the blatant forum / venue-shopping that the Plaintiff is attempting in this case.

## IV.  AFFIRMATIVE DEFENSES REQUEST FOR RELIEF

**WHEREFORE** the Defendant asks this Court to dismiss the complaint and enter judgment in favor of Defendant.


Respectfully Submitted,

PAUL KRILEY


DATED: January 12, 2023


_____/s/_____

Jason G. Shore, Esquire of STERN PERKOSKI MENDEZ

STERN PERKOSKI MENDEZ
Jason G. Shore
Attorney for Paul Kriley
1200 Jorie Blvd
Suite 312
Oakbrook, IL 60523
Email: Jshore@sternperkoski.com
Attorney Bar Number: 6304001

*DEFENDANT'S*
*EXHIBIT 1*

FILED
1/10/2022 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020D007036
Calendar, 97
16231387

FILED DATE: 1/10/2022 2:20 PM 2020D007036

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

IN RE THE MARRIAGE OF:

PAUL KRILEY, )
      **Plaintiff,** )
)
vs. )   No. **2020 D 007036**
)   Calendar 97
ALENA KRILEY, )
      **Defendant.** )

## MOTION FOR TEMPORARY SUPPORT AND BREACH OF CONTRACT AND FOR CONTRIBUTION TO ATTORNEYS' FEES AND COSTS

     Now comes the Defendant, Alena Kriley (hereinafter referred to as "Alena"), by and through her attorneys, OPAL O'BRIEN, LLC, and in support of this *Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs* pursuant to 750 ILCS 5/501 and the Affidavit of Support she states as follows:

### COUNT I – MOTION FOR TEMPORARY SUPPORT

1.    Paul Kriley (hereinafter referred to as "Paul") has filed his *Petition for Dissolution of Marriage.* Said Petition remains pending and undetermined at this time.

2.    The parties have one child, J.K., born in 2019.

3.    Upon information and belief, Paul is gainfully employed, and fully capable of contributing to Alena's financial obligations. Paul has the financial ability to earn substantial income. Alena has no such ability. Paul has an education, and work experience which enables him to earn substantial income.

4.    Alena is presently unemployed.

5.    Alena is an immigrant from Belarus. Alena has limited English proficiency. She has no education in USA. The book of her work experience from her country is still withheld from her by Paul Kriley. It cannot be re-issued in the country of her origin. She also has medical

FILED DATE: 1/10/2022 2:20 PM   2020D007036

issues which impair her ability to work. Alena was coerced into a late abortion by her husband. Two (2) permanent metal stents were implanted into her pelvis which cause her constant pain, and impair her ability to work. Her physical health has been damaged and she does not have the physical ability to earn income. Upon information and belief, Paul is in good health, has no medical issues, and has the physical ability to work full-time.

6.   Alena's current expenses include rent, transportation, food, cell phone bills, other reasonable living expenses, medical and dental bills and costs associated with keeping her embryos alive. Alena is currently getting psychological help for severe trauma of domestic violence that she has endured, and it is no cost at a domestic violence agency. She is also in need of medical assistance due to the severe trauma from the late abortion. It is impossible to find such help at no cost. She also was not able to find a provider in network with her insurance plan. She found a psychologist out of network but cannot afford to pay for this out-of-pocket. She also needs help dealing with her separation anxiety due to the fact that she cannot see her own son. She needs money to fix her car as well.

7.   Additionally, in September of 2020, Alena found documents related to her immigration case that were apparently in the possession of Paul. Paul failed to tell Alena about these documents (requesting that Alena come in for fingerprints). The letter was sent out in the summer of 2019. Paul did not tell Alena about this letter. If Alena had went for fingerprints in summer of 2019 upon information and belief, she could have received her US citizenship before Paul filed his Petition for Dissolution of Marriage. Not showing up for the fingerprints and the filed Petition for Dissolution of Marriage (filed by Paul) significantly complicated and delayed her immigration process and she is in dire need of professional help and needs an immigration attorney. She was quoted retainers from $3,500.00 to $7,500.00 by immigration attorneys.

8.  Alena does not currently qualify for public benefits. She was also advised by an immigration attorney against getting on public benefits since that may preclude her from getting citizenship.

9.  Alena has significant debt as seen on her Financial Affidavit, which is incorporated herein by reference.

10. Alena needs money to pay for experts in this divorce case.

11. Alena has no ability to apply for loans or credit cards because she already owes significant amounts of money to banks and her credit score went from 800 to around 400.

12. Alena is one hundred percent dependent upon Paul for her financial support.

13. Alena has no independent means to pay her bills.

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A.  For an Order requiring Paul Kriley to pay Alena Kriley temporary monthly support in an amount that will allow her to pay her rent, transportation costs, food costs, other reasonable living expenses, medical and dental costs and the cost of keeping her embryos alive;

B.  For such other relief as the Court may deem equitable and just.

## COUNT II – MOTION FOR BREACH OF CONTRACT

1.  Alena restates paragraphs 1-13 of COUNT I as paragraphs 1-13 of this COUNT II.

14. Alena became a permanent resident of the United States based on her marriage to Paul.

15. Paul signed an I-864 immigration affidavit in which he promised to maintain Alena at 125% of the Federal Poverty Level. A copy of said Affidavit can be provided to the Court upon request.

16. There are two (2) components to I-864; support arrearages and future support.

17. Alena and Paul have not lived together since September 28, 2020. She has not received any financial support from Paul since September 28, 2020. As such, Paul should pay Alena financial support from September 28, 2020 going forward to present. Alena is also entitled to

future support under her I-864 claim. Upon information and belief, both the contract itself and the Immigration and Nationality Act authorize an attorney fee award for sponsored immigrants.

18. The purpose of the I-864 Affidavit of Support is to preclude admission to the United States of any alien who is likely at any time to become a public charge. *See Bychina v. Astrakhantsev*, 2021 Ill.App.2d 200303 (2nd Dist. 2021).

19. Our divorce Courts are required to consider this breach of contract in pending divorce proceedings. *See Bychina v. Astrakhantsev*, 2021 Ill.App.2d 200303 (2nd Dist. 2021).

20. Furthermore, in the *Bychnia* case, the Second District Court of Appeals reversed the Trial Court's decision declining to rule on the merits of petitioner's breach of contract claim with regard to an Affidavit of Support from an immigration case. *See In re Marriage of Bychina*, 2021 IL App (2d) 200303. In *Bychina,* the higher Court held "Respondent's obligations under the Affidavit of support are separate from any obligations, such as maintenance, he may have under Illinois divorce law." *See Id.* As such, the *Bychina* Court held that the petitioner's breach of contract claim with respect to the Affidavit of Support should have been heard by the Trial Court (in State, not Federal Court).

21. Alena is a third-party beneficiary of the I-684 Affidavit and contract between Paul and the United States.

22. Paul has violated his contractual obligations to Alena by failing to provide her with support at a level consistent with no less than 125% of the Federal Poverty Level.

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A. For an Order requiring Paul Kriley to maintain Alena Kriley according to her needs, but no less than at the minimum level of 125% the current poverty guidelines;

B.  For an Order for retroactive support going back to September 28, 2020 payable from Paul to Alena;

C.  To award attorneys' fees for litigation of the I-864 claim;

D.  To award expert fees and costs;

E.  For such other relief as the Court may deem equitable and just.

## COUNT III – MOTION FOR PROSPECTIVE FEES

1.  Alena restates paragraphs 1-122 of COUNT II as paragraphs 1-122 of this COUNT III.

23. Alena has paid OPAL O'BRIEN LLC $15,000.00 in attorney fees.

24. Alena has already spent approximately $12,500.00 in attorney fees, leaving her only $2,500.00 to fund the remainder of this litigation.

25. Alena had to borrow the original retainer from family and has no means to repay this debt or to pay any additional attorney fees and costs in this matter.

26. Upon info and belief, Paul Kriley has the means to contribute towards Alena's attorney fees.

27. Alena lacks the ability to pay additional attorneys' fees and costs in this matter.  She is unemployed, and has no earning potential.

28. The attorneys' fees and costs incurred by Alena to date were fair, reasonable, and necessary.

29. This is a complex case involving an Affidavit of Support issue, parenting issues, a 215 evaluation, and the like.  Substantial discovery still needs to be done.  The case will presumably have to be tried.  Substantial prospective attorneys' fees and costs will be needed in a case like this. Alena lacks the ability to pay for these prospective fees and costs.

30. The affidavit of Alena is attached hereto and incorporated herein as **Exhibit A.**

31. Alena has provided an updated Financial Affidavit which can be supplied to the Court upon request.

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A.    For an Order requiring Paul Kriley to pay Alena Kriley $15,000 in interim and prospective attorney fees;

B.    To award expert fees and costs; and

C.    For such other relief as the Court may deem equitable and just.

Respectfully submitted,

_Alena Kriley (Jan 10, 2022 13:17 CST)_

**ALENA KRILEY**

**OPAL O'BRIEN LLC**

_Joe O'Brien (Jan 10, 2022 13:20 CST)_

Attorney for Defendant

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes same to be true.

_Alena Kriley (Jan 10, 2022 13:17 CST)_

**ALENA KRILEY**

**Joseph P. O'Brien**
joe@opalobrien.com
**OPAL O'BRIEN LLC #59789**
310 S. County Farm Road, Suite D
Wheaton, Illinois 60187
(630) 384-0165
Electronic Service: **service@opalobrien.com**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

**IN RE THE MARRIAGE OF:**

|  |  |
|---|---|
| PAUL KRILEY, | ) |
| **Plaintiff,** | ) |
|  | ) |
| vs. | ) No. **2020 D 007036** |
|  | ) Calendar 97 |
| ALENA KRILEY, | ) |
| **Defendant.** | ) |

## AFFIDAVIT IN SUPPORT OF MOTION FOR TEMPORARY SUPPORT AND BREACH OF CONTRACT AND FOR CONTRIBUTION TO ATTORNEYS' FEES AND COSTS

Now comes the Defendant, ALENA KRILEY, on oath deposes and states as follows:

1. That your Affiant is the Defendant in the above referenced case.

2. Plaintiff filed a *Petition for Dissolution of Marriage* which remains pending and undetermined before this Honorable Court.

3. I have read the allegations contained in my *Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees.*

4. That all allegations and claims contained in said Petition are true and accurate.

Further Affiant sayeth naught.

The Affiant, if called on to testify as a witness, can testify competently to the matters and facts set forth herein, except for when those matters and facts are stated upon information and belief, and as to those allegations, to the extent permitted by the Rules of Evidence.


Alena Kriley (Jan 10, 2022 13:17 CST)

ALENA KRILEY


**EXHIBIT**
**A**

# DEFENDANT'S
# EXHIBIT 2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

**IN RE: THE MARRIAGE OF:**

KRILEY    PAUL,
          Petitioner,

and

KRILEY    ALENA
          Respondent.

**ENTERED**
Judge Maritza Martinez-2131

**JAN 2 5 2022**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

20D007036
CONS w/ 20OP20476
and 20OP40214
Cal 97; Judge Maritza Martinez

<u>**BRIEFING SCHEDULE ORDER**</u>

This Cause coming before the Court on Respondent's, ALENA KRILEY'S *Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs, and Motion to Reallocated GAL Fees and Costs,* pursuant to General Order 13, electronic notice having been given to Petitioner through the Court on today's date, via email of said motions/petition filed electronically, the Court having jurisdiction over the parties and the subject matter, and the Court being fully advised in the premises.

**IT IS HEREBY ORDERED THAT:**

A. PAUL KRILEY, pursuant to Amended General Order 13, is granted twenty-one (21) days from entry of today's Briefing Schedule Order of the following motions (through February 15, 2022) to file his Responses to ALENA KRILEY'S:
  *(a) Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs,* filed on January 10, 2022; and
  *(b) Motion to Reallocate GAL Fees and Costs,* filed on January 10, 2022;
B. ALENA KRILEY is granted seven (7) days thereafter (through February 22, 2022) to file her Replies to each of her 2 Motions/Petitions.
C. Pursuant to Calendar 97 Standing Order, at the end of the briefing schedule, the parties are to email to Maritza.Martinez@CookCountyIL.gov, all of the pleadings (original/Response/Reply), along with their draft order(s) in **word** for the underlying motion(s), with opposition to the proposed order(s) in Redline.

Atty. No.: 59789
Name: Opal O'Brien LLC
Atty. for: Alena Kriley
Address: 310 S. County Farm Rd., Suite D
City/State/Zip: Wheaton, IL 60187
Telephone: 630-384-0165
service@opalobrien.com
Petitioner: meyer@chicagodivorceattorney.com
GAL: michael@mmlfamilylaw.com

**ENTERED:**



*s/Maritza Martinez*            **2131**
Judge Maritza Martinez         Judge's No.

# DEFENDANT'S
# EXHIBIT 3

ENTERED
Judge Maritza Martinez-2131

MAR 09 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF: )
)
PAUL KRILEY, )
            Petitioner, )
  -and- )
)   No.:   2020 D 7036 C/w 20 OP
)            20476 and 20 OP 40214
ALENA KRILEY, )   Cal.:   97
           Respondent. )

## ORDER

    This cause coming to be heard for remote status, via Zoom, on the Guardian ad Litem's Report, counsel for Petitioner and Petitioner present, the Respondent present and representing herself *pro se* and the Guardian ad Litem appearing, the Court being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. The below listed Pleadings are set for **summary hearing on May 3, 2022, May 4, 2022and May 5, 2022 at 2:30 p.m. each day** via Zoom videoconference, with the following credentials: **Meeting #: 985 6932 0525; Password #: 080942** (to join by *telephone*, call: (312) 626-6799, enter: **985 6932 0525 #, press #** (you do **not** have a participant ID), **enter 080942#,** press **\*6** to mute and unmute yourself), and/or at the Daley Center, 50 West Washington Street, in Court Room # 3006, Chicago, IL, *if* remote conferences have terminated. No access shall be granted into the Zoom videoconference until you **identify yourself** on the electronic device being used for the videoconference.:

    a. Respondent's Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys Fees and Costs filed on January 10, 2022 (Petitioner's Response was filed on February 10, 2022, Respondent's Reply was filed on February 17, 2022);

    b. Respondent's Motion to Reallocate GAL Fees and Costs filed on January 10, 2022 (Petitioner's Response was filed on February 10, 2022, Respondent's Reply was e-filed on February 17, 2022, was rejected and re-filed on February 18, 2022);

    c. Respondent's Motion for Reimbursement for Tax Refunds and Stimulus Monies filed on December 21, 2021 (Petitioner's response was filed on January 24, 2022);

    d. Petitioner's Motion for Temporary Relief filed on March 8, 2022 (Respondent's response is due on March 29, 2022 and Petitioner's Reply is due on April 5, 2022).

2. The below listed Pleadings are set for **evidentiary hearing on May 3, 2022, May 4, 2022 and May 5, 2022 at 2:30 p.m.** each day via Zoom videoconference, with the following credentials: **Meeting #: 985 6932 0525; Password #: 080942** (to join by *telephone*, call: (312) 626-6799, enter: **985 6932 0525 #, press #** (you do **not** have a participant ID**), enter 080942#, press \*6** to mute and unmute yourself), and/or at the Daley Center, 50 West Washington Street, in Court Room # 3006, Chicago, IL, *if* remote conferences have terminated. No access shall be granted into the Zoom videoconference until you **identify yourself** on the electronic device being used for the videoconference.:

   a. Respondent's Motion to Bar 215 Examiner's Report and Testimony filed on February 9, 2022 (Petitioner's Response was filed on March 3, 2022 and Respondent's Reply is due on March 10, 2022);

   b. Petitioner's Petition for Order of Protection filed on November 9, 2020.

3. All parties shall exchange the following by April 5, 2022:
   a. Updated financial affidavits and supporting documents;
   b. Witness lists in conformance with Illinois Supreme Court Rule 213
   c. All Exhibits
   d. All Motions in Limine

4. Witnesses not identified on the witness list shall be barred.

5. Courtesy copies shall be tendered 7 days in advance, which shall include, but is not limited to a) updated financial affidavits, b) witness lists in conformance with Illinois Supreme Court Rule 213, c) all exhibits, d) all Motions in Limine.

6. The parties shall pay their outstanding balance to the Guardian ad Litem and a trial retainer of $5,000.00 (with ALENA being responsible for $2,500.00 and PAUL being responsible for $2,5000.00). This retainer includes an Oral Report. If a written report is preferred, then the parties shall pay an additional retainer and shall equally share in the cost of said written report. In the event said sums are not paid to the Guardian ad Litem prior to the trial date of May 3, 2022, all trial dates shall be stricken and rescheduled until the Guardian ad Litem is paid pursuant to this paragraph.

7. The Report of the Guardian Ad Litem shall be oral. If either party prefers a written report, the Guardian Ad Litem may submit a written report after each party pays the additional retainer necessary for said written report (50/50).

8. Disposition Order is entered, via separate order. Today's Disposition Order expands from 20 minutes, to 30 minutes, the current remote parenting time visits in place.

9. This Order shall be emailed to the following email addresses for the parties/attorneys of record:

   Petitioner: meyer@chicagodivorceatty.com
   Respondent: fransevna@yahoo.com
   Guardian ad Litem: michael@mllfamilylaw.com

**ENTERED:**

> **E N T E R E D**
> Judge Maritza Martinez-2131
> **MAR 09 2022**
> **IRIS Y. MARTINEZ**
> **CLERK OF THE CIRCUIT COURT**
> **OF COOK COUNTY, IL**

s/Maritza Martinez    2131
Judge Maritza Martinez    Judge's No.

Prepared by:
**THE TARADASH GROUP, P.C.**
Attorneys for Petitioner
180 North LaSalle Street, Suite 3700
Chicago, Illinois 60601
(312) 775-1020
Atty. No.: 57943
meyer@chicagodivorceatty.com