Honorable Martha M. Pacold

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL KRILEY<br><br>    Defendant | Case No.: 1:22-cv-04832<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE**<br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFF, Alena Kriley, (hereinafter, "ALENA") by and through the undersigned attorney, for her Reply to DEFENDANT, Paul Kriley, (hereinafter, "PAUL") Response to Plaintiff's Motion to Strike Affirmative Defenses pursuant to F.R.C.P. 12(f), to strike Affirmative Defenses 1-6, as insufficient defenses as they fail to state valid legal affirmative defenses and to strike the affirmative defenses as redundant, immaterial, impertinent and scandalous matters.

## MEMORANDUM

**Legal Standards For Motions To Strike Affirmative Defense**

In ruling on a motion to strike an affirmative defense, the Court must determine whether the matter is appropriately pled as an affirmative defense and whether it is

sufficiently pled pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 737 (N.D. Ill. 1982); *Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); *Renalds v. S.R.G. Restaurant Group,* 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller Fin., Inc.* v. *Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Therefore, affirmative defenses must set forth a "short and plain statement" of the defense. Fed.R.Civ.P. 8(a).

A court should only strike an affirmative defense if it appears beyond a doubt that the pleader can prove no set of facts in support of his defense that would plausibly entitle him to relief. *See, e.g., Kimbrew v. Advocate Heatlh & Hosps. Corp.,* No. 10 C 4531, 2010 WL 4531 at *2 (N.D. Ill. Dec. 8, 2010) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007)).

Federal rule of civil procedure 12(f) governs motions to strike. Rule 12(f) provides that a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Allegations may be stricken as scandalous if they bear no possible relation to the controversy or may cause the objecting party prejudice. Talbot v. Robert Matthews Distributing Company, 961 F.2d 654, 664 (7th Cir. 1992). Generally, motions to strike defenses as insufficient are not favored, because such motions "potentially serve only to delay." Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). However, where motions to strike remove unnecessary clutter from the case, "they serve to expedite, not delay," id.,

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 2

and may be a useful and appropriate tool. United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975).

**DISCUSSION**

    I.    **First Affirmative Defense – FAILURE TO MITIGATE DAMAGES**

Defendant, in his Response, fails to recognize there are only FIVE POSSIBLE DEFENSES to an action to enforce an I-864 Affidavit of Support, and Defendant fails to cite any of the five legal defenses in his Affirmative Defenses and therefore his affirmative defenses should all be dismissed as not legally relevant defenses in addition to the statements contained therein as being redundant, immaterial, impertinent and scandalous.

The Defendant opines in his First Affirmative Defense regarding the Plaintiff's failure to mitigate damages in many different ways. However, none of the raised points are defenses. It is confusing that Defendant, in his Response, now mentions under the FIRST DEFENSE that Plaintiff is subject to removal, and "needs to be considered by the court."

In *Wenfang Liu v. Mund*, 686 F.3d 418 (7th Cir. 2012), the question before the Seventh Circuit Court of Appeals was "whether in a suit to enforce the obligation of support created by the federal affidavit the plaintiff has a legal duty to mitigate damages." 686 F.3d at 420. The court answered no. It recognized that the duty to mitigate is part of the common law of contracts, but noted that "the listing of excusing conditions [in the affidavit] does not mention the alien's failing to seek work or otherwise failing to mitigate his or her damages." Id. at 420, 421. The court queried "whether reading a duty of mitigation into the immigration statute and the regulations and the affidavit contract would serve or disserve statutory and regulatory objectives" because "[s]o far as [the court] can tell, neither

Congress that enacted sections 1182 and 1183a of the [INA] nor the immigration authorities that promulgated implementing regulations and have drafted successive versions of Form I-864 ever thought about mitigation of damages." Id. at 421-22. "[W]hy should [the judiciary] make failure to mitigate a further excusing condition?" Id. at 422.

II. **Second Affirmative Defense – PLAINTIFF HAD ACCESS TO FUNDS TO SUPPORT HERSELF**

In his second affirmative defense PAUL claims ALENA has "had access to funds to support herself" and should be denied enforcement of the I-864 Affidavit. However, access to funds in the form of loans is not income. Further, even if past monies received from family or friends for the period during which Plaintiff seeks damages are re-characterized as gifts and not loans, such gifts are not income. As used in the pertinent regulations, 'income' means the sponsored immigrant's federally taxable income.

Finally, there is no evidence presented by PAUL or even allegations, that the monies borrowed by ALENA were not valid loans, all supported by promissory notes, none of which have been forgiven by the lenders.

PAUL states in his second affirmative defense, "Plaintiff is barred from recovery as she has been receiving funds that would place her above the 125% Federal Poverty Guidelines." Defendant's allegations is no defense as only income of the Plaintiff is considered, not what she may received from non-income sources such as loans, gifts, non-income benefits, etc.

Defendant states, "the financial resources the Plaintiff had access to is a matter of fact that needs to be resolved." Access to resources, loans, etc. are not income. Defendant

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 4

would like to go on a fishing expedition, not to determine valid defenses, but to harass, intimidate and otherwise waste the resources of the Court and parties.   ALENA attaches hereto in support of her income verification, as Group Exhibit A, a Social Security Statement of Income, dated April 24, 2023, which shows ONLY taxable income earned in 2016 of $2,400.00.

**Third Affirmative Defense – INABILITY TO PAY AND UNABLE TO SUPPORT MINOR CHILD**

PAUL, for his third Affirmative Defense, claims he has inability to pay ALENA her contractually owed I-864 support and if ordered to pay, he would be unable to support the parties' minor child.  PAUL fails to cite any authority whatsoever for this proposition.

As discussed earlier, there are five allowed defenses to this action, these two excuses are not one of them.  There is no authority in statute, regulation or case law, that inability to pay or being unable to support a minor child are valid defenses to an I-864 claim.

**Fourth Affirmative Defense – PLAINTIFF IS REMOVABLE/DEPORTABLE AND INELIGIBLE FOR CANCELLATION OF REMOVAL**

In his Fourth Affirmative Defense, PAUL has alleged that ALENA is removable/deportable and ineligible for cancellation of removal. (Dkt.#21, p.11 line 22). PAUL cited 8 U.S.C. 1227(a)(2)(E)(ii).

If ALENA was removed from the United States and no longer a permanent resident, then PAUL could bring a motion to terminate his I-864 obligation.  Unless and until that should ever happen, PAUL's defense is no defense and mere speculation about a possible future event that could terminate his I-846 support obligation.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 5

Indeed, ALENA's pending criminal matter alleges a violation of an order of protection NOT involving a deportable offense as enumerated under 8 U.S.C. 1227 (a)(2)(E)(ii) as the charge does not involve credible threats of violence, repeated harassment, or bodily injury.

**Fifth Affirmative Defense – PLAINTIFF HAS AN OBLIGATION TO PAY THE DEFENDANT CHILD SUPPORT**

In his Fifth Affirmative Defense PAUL has alleged that he has custody of the party's child, that ALENA has an obligation to pay the PAUL Child Support and is not paying. PAUL misleads the Court in that there is no custody or child support order and the divorce case remains pending and undetermined.

Defendant cites *Naik v. Naik* , 399 N.J.Super. 390, 944 A.2d 713, 717 (N.J. Super Ct. A.D. 2008) ("[T]he sponsored immigrant is expected to engage in gainful employment, commensurate with his or her education, skills, training and ability to work in accordance with the common law duty to mitigate damages."). However, this is a New Jersey state case, is not federal law nor is it the position of federal courts in determining damages for breach of I-864 support. The New Jersey state court case has numerous findings that do not comport with current federal case law and should not be considered by this court.

**Sixth Affirmative Defense – THE DOCTRINE OF RES JUDICATA SHOULD APPLY AND PLAINTIFF AND DEFENDANT HAVE AN ONGOING DOMESTIC RELATIONS CASE WHERE THE AFFIDAVIT OF SUPPORT HAS BEEN BROUGHT UP**

"There are three requirements for res judicata in Illinois: (1) a final judgment on the

merits entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits." *Doherty v. Fed. Deposit Ins. Corp.*, 932 F.3d 978, 983 (7th Cir. 2019). Res judicata "extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Id.* (emphasis in original).

Here, only one element is unquestionably met: the parties are identical. *Hous. Auth. For LaSalle Cnty. v. Young Men's Christian Assoc. of Ottawa*, 101 Ill.2d 246, 255 (1984). There is no final judgment in the parties pending divorce case and any I-864 claim she had pending in state court was withdrawn without prejudice. Additionally there is no identity of the causes of action. "Under Illinois's 'transactional' test, 'separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" *White v. Ill. State Police*, 2021 WL 4568054, at *5 (7th Cir. 2021) (quoting *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 311 (1998)).

Generally, actions to enforce an I-864 Affidavit may be brought in state court. See In re Marriage of Bychina, 2021 IL App (2d) 200303, ¶ 35 ("State courts have jurisdiction to hear claims seeking to enforce Form I-864 obligations."). But, as the Seventh Circuit noted, the right to support conferred by federal law through an I-864 affidavit exists separate from rights available under state divorce law. *Liu v. Mund,* 686 F.3d 418, 419-20; see also Bychina, 2021 IL App (2d) 200303, ¶ 37 ("Respondent's obligations under the Affidavit of Support are separate from any obligations, such as maintenance, he may have under Illinois divorce law.").

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 7

The claims, thus, involve different causes of action and different operative facts. The divorce action adjudicates the equitable rights between the parties based on their marriage, while a breach of I-864 affidavit action solely focuses on whether a sponsor maintained a sponsored immigrant's income at 125% of the federal poverty guidelines. Indeed, if a spousal support award is insufficient to meet the requirements of an I-864 affidavit, the sponsor remains liable for the amount necessary to reach the required level. Bychina, 2021 IL App (2d) 200303, ¶ 37. Additionally, the "state court made no mention of the I-864 in its dissolution and maintenance orders and did not adjudicate 'an action for breach of [Hoop's] I-864 obligation.'" *Grabois v. Grabois*, 737 Fed.Appx. 338, 339 (9th Cir. 2018). Therefore, ALENA's claims are not precluded by res judicata. See *Id.* (I-864 claims were not barred by res judicata or the Rooker-Feldman doctrine after state divorce proceedings); see also In re Marriage of Khan, 332 P.3d 1016, 1020 (Wash.Ct.App. 2014) ("Because we hold that an I-864 obligation is separate from any rights or obligations imposed by marriage, [the sponsored immigrant] will not be precluded from asserting her I-864 contract right in a separate action.").

The Defendant also argues the abstention doctrine should be exercised in this case. "The decision whether to abstain does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

The Defendant relies on the abstention doctrine set forth in Younger v. Harris, 401 U.S.

37 (1971). Absent extraordinary circumstances, the Younger doctrine requires federal courts to abstain from exercising jurisdiction when doing so would interfere with pending state court proceedings. In determining whether the doctrine applies, courts use a three-pronged test, asking whether: (1) "there are ongoing state judicial proceedings"; (2) "the proceedings implicate important state interests"; and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." Id. (citing Middlesex City Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The Plaintiff has alleged and continues to allege she will not have a fair opportunity to bring her I-864 claim in state court and have it adequately addressed by the state family law court, which would preclude the exercise of the abstention doctrine as to an adequate opportunity to raise her I-864 claim in the state proceedings, for one or more of the following reasons, and are extraordinary circumstances which should preclude this court abstaining from this action:

1. She filed a claim for breach of the I-864 contract in state court and the Defendant denied he has breached the contract. See Plaintiff's Group Exhibit B attached hereto which is the I-864 breach of contract claim and denial by the Defendant of the I-864 breach of contract claim at which time the Plaintiff was represented by counsel.;

2. Plaintiff was forced to withdraw her I-864 claim in state court on September 2, 2022 for reasons that her attorney withdrew, see Exhibit C, an Order of her attorney's withdrawal of representation in state court. ALENA has been forced to represent herself pro-se since February 8, 2022 when her attorney withdrew, and

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 9

was forced to file her Reply to their Response to her motion for I-864 support pro-se, as she could not pay his attorney's fees and the divorce court has failed and refused to set her previously filed motion for attorney fees and breach of I-864 contract. The parties' divorce case has been pending since 2020, a period of three years, and there is still no trial date set in ALENA's divorce case; and,

3. Plaintiff, as previously stated, is currently approved in state and federal court to file in forma pauperis, is financially destitute, is nearly homeless, is being sued by Chase Bank as she cannot afford credit card payments, cannot afford an attorney in state court, and has only been able to retain counsel to represent her in federal court on this case for enforcement of her I-864 claim for support.

PRAYER FOR RELIEF:

Plaintiff, for its Reply, again prays this Honorable Court enter an Order granting her Motion to Strike the Defendant's six affirmative defenses and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Alena Kriley

By: ALENA KRILEY

Dated: April 24, 2023

/s/ Scott T. Ferrill

By: Scott T. Ferrill, Plaintiff's Attorney

Ferrill Law Firm 801 N. Cass Ave., Suite 200 Westmont, IL 60559
(708) 369-1958
chicagolaw@gmail.com

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTERS ASSIGNED JUDGE: HONORABLE MARTHA M. PACOLD MAGISTRATE JUDGE: HONORABLE JEFFREY COLE ORAL ARGUMENT REQUESTED - 10