UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY, | Case No.: 1:22-cv-04832 |
| Plaintiff, | |
| vs. | PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF HIS RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT |
| PAUL KRILEY | |
| Defendant. | |
| | JUDGE: HON. MARTHA M. PACOLD |
| | ORAL ARGUMENT REQUESTED |

Pursuant to Federal Rule of Civil Procedure 56 and LR 56.1 (c), Plaintiff Alena Kriley, by her attorney, Scott T. Ferrill, files this OBJECTION AND RESPONSE TO Nonmovant's Statements of additional Facts as follows:

**Objections as To Form regarding Nonmovant's Rule 56.1(b)(3) Statement of Additional Facts**

1. Defendant has failed to comply with LR 56.1(b)(3) as he has asserted facts not set forth in LR 56.1(a)(2) statement or the LR 56.1(b)(2) response and has referred to various evidentiary material but fails to attach same as required by this rule.

2. Defendant has failed to concisely number his paragraphs or even cite and attach his evidential material.

3. Plaintiff is only required to respond to statements of material facts that comply with L.R. 56.1(e) and which has attached cited evidentiary material, which Defendant wholly fails to do.

## GENERAL OBJECTIONS

As stated in Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, Defendant has failed to abide by local rules in regard to his statement of additional material facts. Defendant's statement of facts are not separately identified or paragraphs numerated, but rather are sprinkled though out his Memorandum of Law and exhibits identified are never attached.

## MOVANT'S LOCAL RULE 56.1(c)(2) RESPONSE TO STATEMENT OF ADDITIONAL FACTS

| Nonmovant's Fact | Movant's Response |
|---|---|
| **1.** "However, it is evident that she is receiving some funds as she and the Plaintiff have been living separate and apart ever since November 9, 2020, when the Defendant petitioned for and received his Emergency order of Protection for himself and for the parties' minor child. Exhibit 1 is a copy of the November 9, 2020 Emergency Order of Protection." | **1.** Plaintiff objects to Defendant's entire asserted additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted facts. Plaintiff disputes the asserted fact that she is receiving "some funds" as vague, without a time frame, inadmissible due to lack of materiality and she disputes the date of separation as being incorrect, the correct date being September 29, 2020 and disputes the remainder of facts and objects as to lack of materiality and admissibility. |
| **2.** "Since the date of separation, the Plaintiff has paid for all of her own expenses." | **2.** Plaintiff objects to the Defendant's entire assertion of additional fact for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached, in addition to being inadmissible as nonmaterial asserted facts. Plaintiff admits she had paid and unpaid expenses incurred since the date |

2

| | |
|---|---|
| | of separation and owes a substantial amount of funds from loans, credit cards and unpaid medical bills and is being sued for unpaid credit cards. |
| **3.** "On October 28, 2021, Alena provided an Illinois Financial Affidavit with Supporting documents." | **3.** Plaintiff objects to the Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted facts. Plaintiff admits she provided an Illinois Financial Affidavit on or about the date claimed. |
| **4.** "As of October 28, 2021, the Plaintiff states her monthly expenses exceeded $5,000.00 a month which does not include any payments towards her outstanding credit card debt. The plaintiff further lists numerous loans that she provided promissory notes for which indicate interest and payment by December 31, 2021, for each note. In sum total, the Plaintiff indicated that she had borrowed $57,530.00 over the course of approximately six (6) months of which, at least, $29,380.00 were for legal fees and costs, if not more. In sum total, the amount of loans that the Plaintiff has claimed to have required over this timeframe would not have even been enough to cover her stated living expenses." | **4.** Plaintiff objects to Defendant's entire statement of additional material facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted facts. Plaintiff admits the Illinois Financial Affidavit states what it states and disputes the asserted fact that amount of loans claimed...would have not even been enough to cover her stated living expenses given that she has incurred loans, credit card debt, medical debts and other unpaid expenses. |
| **5.** "One such promissory note made with Maryia Horbach indicates it was for various expenses for the minor child including food, clothing, babysitting | **5.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not |

3

| | |
|---|---|
| expenses, and toys. | previously attached in addition to being inadmissible as nonmaterial facts. Plaintiff admits any promissory note, none of which were provided as evidentiary material, speaks for itself. |
| **6.** What should be noted is that this promissory note was made June 1, 2021, while the minor child was still a protected party and following the entry of an emergency order that had been entered on April 9, 2021 (Exhibit 3), which permitted the Defendant to leave the State of Illinois with the minor child due to the death threats that the Plaintiff was issuing against the Defendant and his family. | **6.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial facts. Plaintiff cannot respond to a note never produced and an emergency order never produced and further there is no materiality or relevancy to these asserted facts. |
| **7.** "Further inspection of the Plaintiff's financial affidavit indicates that she "returned" loans in the amount of $123,162.00." | **7.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted facts. Plaintiff admits the document, which is not produced, speaks for itself. |
| **8.** "Namely, the Plaintiff, in or around the winter of 2020 fled the State of Illinois with the minor child by way of taking a taxi which she charted all the way to New York so that she could hide in Consulate General of Belarus. Said trip cost thousands of dollars that the Plaintiff was able to procure." | 8. Plaintiff objects to Defendant's entire statement of additional for failing to comply with LR 56.1(d) and failing to cite and attach any evidentiary material not previously attached in addition to being inadmissible as irrelevant and nonmaterial facts. Plaintiff disputes she fled anywhere to hide anywhere and the cost of any such trip, upon which no evidence is provided, is immaterial, inadmissible and irrelevant. |
| **9.** "Another incident occurred in or around March 30, 2021, when the Plaintiff was able to fly herself down to the | **9.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to |

4

| | |
|---|---|
| Fort Lauderdale area of Florida and hailed a Lyft which drove her around for almost two (2) hours while she probed her driver for information as to hire a hitman to kill the Defendant and his family members." | cite and attach any evidentiary material not previously attached in addition to being inadmissible as nonmaterial and irrelevant asserted facts. |
| 10. Lastly, on or around April 8, 2021, the Plaintiff broke in the Defendant's apartment where she looted numerous items, including computers and $2,000.00 cash which was being held in a locked locker. For good measure, the Plaintiff had the locks changed on the Defendant's apartment so he could not gain access to his home upon return. | 10. Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to cite and attach any evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted facts. |
| 11. The Plaintiff currently has no parenting time with the minor child and is only permitted brief FaceTime calls. | 11. Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to cite and attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial and irrelevant asserted facts. |
| 12. The minor child remains a protected party and based on the flight risk that the Plaintiff has presented herself as, it is likely she that any parenting time she has with the minor child will be supervised upon final judgement. | 12. Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to cite and attach any evidentiary material not previously attached in addition to being inadmissible as nonmaterial and irrelevant asserted facts. |
| 13. As a result of the Plaintiff's inability to take care of the minor child, the Defendant is the primary caretaker and is currently receiving no financial support or otherwise from the Plaintiff. | 13. Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to cite and attach any evidentiary material not previously attached in addition to being inadmissible as nonmaterial and irrelevant asserted facts. |

| | |
|---|---|
| **14.** "The Defendant submitted his own financial affidavit as part of the dissolution matter (Exhibit 4). Said financial affidavit shows that the defendant, in 2021, was only making approximately $2120 a month, which in itself, hardly exceeds 125% of the Federal Poverty Guidelines for a household of two (2)." | **14.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial asserted-facts. |
| **15.** "Defendant is the victim of domestic violence perpetrated the Plaintiff, for which there is an Order of Protection (Exhibit 5) and a criminal charge for violation of the Order of Protection. A Plenary Order of Protection was entered _____." | **15.** Plaintiff objects to Defendant's entire statement of additional facts for failing to comply with LR 56.1(d) and failing to attach any cited evidentiary material not previously attached in addition to being inadmissible as nonmaterial and irrelevant asserted facts. Plaintiff disputes a Plenary Order of Protection was entered on an invisible date or any date whatsoever. |

Respectfully submitted,

ALENA KRILEY

BY: /s/ Scott T. Ferrill

Scott Ferrill, Plaintiff's Attorney


Ferrill Law Firm
Scott T. Ferrill
Attorney for Plaintiff
801 N. Cass Ave., Suite 200
Westmont, IL 60559
(708) 369-1958
chicagolaw@gmail.com