**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALENA KRILEY,** | **Case No.: 1:22-cv-04832** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT** |
| **PAUL KRILEY** | **JUDGE: HON. MARTHA M. PACOLD** |
| **Defendant.** | **MAGISTRATE: JEFFREY COLE** |
| | **ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and LR 56.1 (c), Plaintiff Alena Kriley, by her attorney, Scott T. Ferrill, files this REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT contemporaneously with her RESPONSE TO LR 56.1(b)(3) STATEMENT OF ADDITIONAL MATERIAL FACTS.

### RESPONSE AS TO OPPOSING PARTY'S OBJECTION AS TO FORM REGARDING PLAINTIFF'S STATEMENT OF FACTS

The opposing party objected to Plaintiff's Statement of Material Facts as not being in full compliance with LR 56.1(2) because the statement of material facts although supported by citation, was not numbered, and was separately identified but not made a separate document.

1. Despite Plaintiff's lack of numbered paragraphs, the Opposing Party was able to number the facts and respond to each one and ADMITTED all facts except for Movant's Fact Number 9, which the Opposing Party denied but failed to dispute the fact as required by LR 56.1(e)(3) by citing specific evidentiary material controverting the fact. Further, Fact Number 9, is not a material fact in that the Affidavit of Support contract was admittedly entered into by the Opposing Party which is the subject matter of this claim.

2. Ironically, the Opposing Party has failed to serve and file, in violation of LR 56.1(b)(3), their

own statement of additional material facts, of which at least thirteen additional facts were averred, all of which are immaterial to this case, that complies with LR 56.1(d) and he has further failed to cite and/or attach evidentiary material.

3. This Court is urged to determine this case on the merits, despite lack of numbering of paragraphs by Movant, in that the Opposing Party was able to numerate and respond to all the asserted facts. This Court has discretion to apply the rule strictly or to overlook any transgression. ***Little v. Cox's Supermarkets*** 71 F.3d 637, 641 (7th Cir. 1995). Plaintiff here has made a transgression which was easily ameliorated by the Defendant in him numbering the facts and admitting to all of them except one fact which is not germane or necessary to be admitted for Plaintiff to be granted summary judgment.

## **REPLY TO OPPOSING PARTY'S ARGUMENT AND ANALYSIS**

1. The Defendant, in his Answer and in Response to Plaintiff's Statement of Material Facts admitted ALL of the material facts necessary for the Court in this case to grant summary judgment and failed to raise any genuine issues of material fact which would defeat Plaintiff's Motion For Summary Judgment.  There are only five terminating events, as stated in Plaintiff's complaint, to the Defendant's contractual obligation to support the Plaintiff at or above 125% of the poverty level and none of them apply in this case, at this time.

2. The Defendant argues first that summary judgment cannot be granted because the Plaintiff (sic) has put forth multiple affirmative defenses that have yet to be resolved. However, the Plaintiff has filed a Motion To Strike Affirmative Defenses, see Group Exhibit 1 attached, but even if the Motion was denied, none of the Affirmative Defenses apply to this cause of action given the absolute nature of the statute requiring Defendant support Plaintiff and the various courts who have decided only those defenses or reasons for termination of support as stated in the statute apply to these cases.  A motion to strike the Defendant's Affirmative Defenses has been fully briefed with a Response and Reply but this Court has not yet ruled on the Motion to Strike which would be moot if the Court granted the instant Motion For Summary Judgment and further the same ineffective and/or irrelevant affirmative defenses have also been fully argued by Defendant in his Response to the Motion for Summary Judgment.

3. The Defendant next argues Plaintiff has not mitigated her damages by taking steps toward becoming a United States citizen. Defendant has provided no statutory or case law authority that

such mitigation of damages is required. The Defendant has previously argued and alluded to its position, in its Response, that Plaintiff has not mitigated her damages by obtaining employment. However, in the 7th *Wenfang Liu v. Mund*, 686 F.3d 418 (7th Cir. 2012) (holding that 1-864 beneficiaries have no duty to "mitigate damages" by seeking employment). ***Belevich v. Thomas***, 17 F.4th 1048 (11th Cir. 2021) (holding that contract law defenses are unavailable in action to enforce the Form I-864). "One starts with the proposition, already established in this case, *see* Doc. 109 at 11-15, that the immigrant has no duty to earn any money and that the sponsor's obligation to the immigrant applies even if the immigrant sits around and eats bon-bons all day" ***Asilonu v. Okeiyi***, 1:19-CV-1122, at *12-13 (M.D.N.C. May 15, 2023).

4. Next, the Defendant argues whether she is "actually disclosing income." However, the parties have completed discovery in this case, and have conducted extensive discovery in the parties' divorce case, including financial discovery, and the Plaintiff has provided evidence of substantial loans, credit card debt and township general assistance support, all of which together easily explain how Plaintiff has financially survived, since the parties separation date September 29, 2020, up to the present. The Defendant has presented no evidence that Plaintiff has failed to disclose income. Plaintiff has requested prove-up of damages and the amount of income is not a material fact to this summary judgment motion unless Defendant provides evidence that Plaintiff has earned 125% or more of the U.S. poverty level for the time in question and Defendant has not provided a scintilla of evidence that Plaintiff's income is other than she has already disclosed in discovery of this case.

5. Defendant next argues his defenses are a matter of "public policy." The Defendant states, "this Court will ultimately need to factor the enforcement of Plaintiff's complaint with his ability to support the minor child." If I-864 support is ordered in this case, child support can be adjusted anytime, up or down in state court, based upon the incomes of the parties. The parties divorce case remains pending and unresolved since October 1, 2020 and there is not and there never has been an order entered for child support, either temporary or otherwise. The Immigration and Nationality Act ("INA"), which is a federal public policy, prohibits the immigration of persons into this country who are determined likely to become a public charge at any time. *8 U.S.C. § 1182(a)(4)(A)*. As part of this statutory framework, Congress created Form I-864, which includes an Affidavit of Support ("Affidavit"). Federal courts recognize that the

3

purpose of Form I-864 is to prevent sponsored immigrants from becoming dependent on tax-payers for support. *See, e.g.*, *Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012). *Sultana v. Hossain*, 3:21-CV-1219-BK, at *1 (N.D. Tex. Sep. 8, 2022).

6. Defendant then argues, Plaintiff might be removable from the United States. Such an argument should be brought to relieve Defendant of his obligation to support the Plaintiff if she is re-moved from the United States, which is provided by statute, as she would no longer reside in the United States, one of the five terminating events. However, Plaintiff is not in removal pro-ceedings and there is no order for removal. If Plaintiff no longer resides in the United States, the Defendant can bring a motion to terminate an order for support, and therefore all of Defend-ant's assertions regarding removal are premature. Regardless even if removed and Plaintiff no longer resided in the United States, the Defendant is liable from the parties date of separation, and complete lack of financial support, to the time Plaintiff no longer resided in the United States.

7. Lastly, in Defendant's closing paragraph, Defendant argues, as a "procedural matter" for the application of *Kawai v. Uacearnaigh*, 249 F. Supp. 3d 821 (D.S.C. 2017) under the *Younger* abstention doctrine and *Yanguil v. Lee*, 2014 WL 1400959, under doctrine of res judicata. The 7th Circuit has defined the doctrine of res judicata as: "Res judicata, or claim of preclusion, bars any claim that were litigated or could have been litigated in previous action when three require-ments are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgement on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997)" *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). *Doherty v. Fed. Deposit Ins. Corp.*, 932 F.3d 978, 983 (7th Cir. 2019). *Res judicata* cannot be applied in the instant case as there is no final judgement in the divorce case and there is no identity of the causes of action, this cause being that for strict enforcement of an I-864 contract, which is en-forceable even in the event the parties should divorce. In *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) citing *Matrix IV, Inc. v. American National Bank*, 649 F.3d 539 (7th Cir. 2011) the Court found that lack of a final judgement in the party's divorce case meant no application of *res judicata*, where in *Yanguil* on which Defendant relies, a Judgement of Divorce was entered. For failure of the aforementioned two of three of the required elements for *res judicata*, and only the second requirement being an identity of the parties met in this

4

case, the affirmative defense of *res judicata* cannot and does not apply.

8. Defendant finally argues the *Younger abstention doctrine* set forth in ***Younger v. Harris***, 401 U.S. 37 (1971) should be exercised in this case and relies on ***Kawai v. Uacearnaigh***. Absent extraordinary circumstances, the ***Younger*** doctrine requires federal courts to abstain from exercising jurisdiction when doing so would interfere with pending state court proceeding. In determining whether the doctrine applies, courts use a three-prong test, asking whether: (1) "there are ongoing state judicial proceedings"; 2) "the proceedings implicate important state interest"; and 3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Id*. The federal appellate courts have generally agreed that the mere fact that a state case "involves a quintessentially state-law matter" (like family law) does not alone place it within ***Younger's*** third category. Instead, "***Younger's*** third category of cases is reserved for civil proceedings implicating a state's interest in *enforcing* the orders and judgments of its courts,"such as cases involving "civil contempt orders" or "state rules for posting bond pending appeal." ***Nevarez v. Nevarez***, No. EP-22-CV-00442-DCG, at *14-15 (W.D. Tex. Mar. 24, 2023) (citing ***Middlesex City Ethics Comm. V. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982)). The *Neveraz* case facts are very similar to the facts in this case, in that in both their case and this court case a divorce was/is pending and the court refused to enter an order of abstention without having to consider the facts in this case, namely, the State being unable or unwilling to address the Plaintiff's I-864 claim.

9. Start with Younger abstention. This doctrine directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings. See ***Younger***, 401 U.S. at 43–44, 91 S.Ct. 746. The doctrine applies in only three limited categories of cases, none of which fits exactly here: where federal court intervention would intrude into ongoing state criminal proceedings, into state-initiated civil enforcement proceedings akin to criminal prosecutions, or into civil proceedings implicating a state's interest in enforcing orders and judgments of its courts. See ***Sprint Communications, Inc. v. Jacobs***, - U.S. - , 134 S.Ct. 584, 588, 187 L.Ed.2d 5050 (2013)." ***Mulholand v. Marion Cnty. Election Bd.***, 746 F.3d 811, 815 (7th Cir. 2014). "The Seventh Circuit has said that, "at least after *Sprint*," *Younger* abstention is not warranted unless the state proceeding is a "quasi-criminal proceeding." ***Mulholland,*** 746 F.3d at 816. " ***Deservi v. Bryant***, 70 F. Supp. 3d 921, 925 (N.D. Ill. 2014). ***Sprint,*** a

later U.S. Supreme Court case than *Younger*, has laid down stricter requirements than the *Younger* abstention doctrine and must be followed which in this case means the *Younger* doctrine does not apply. Defendant fails in his ability to assert the second and third requirement of the *Younger* doctrine. Further, this court must first determine whether the threshold of interference is present here. See, *Montgomery v. Montgomery*, 764 F.Supp.2d 328, 333 D.N.H. 2011). This case would neither enjoin the state proceedings nor have the practical effect of doing so. Plaintiff only seeks an award of support payable by Defendant, past and future together with attorney's fees and costs.

10. Additionally, Plaintiff has asserted in her Motion to Strike Affirmative Defenses and continues to assert she will not have a fair opportunity to bring her I-864 Affidavit of Support claim in state court and have it adequately addressed by the state family law court, in any kind of timely manner, violating her substantial and procedural due process rights, which would preclude the exercise of the abstention doctrine. The Plaintiff will not have her as to an adequate opportunity to raise her I-864 claim in the state proceedings, for one or more of the following reasons, which are extraordinary circumstances which would preclude this court abstaining from this action:

    a. The Defendant has breached his duty to support Plaintiff since the date of separation to the present and has failed to contribute any sums to her whatsoever. Defendant has denied, in divorce court and federal court pleadings that he has any obligation to pay Plaintiff support pursuant to the I-864 Affidavit.;

    b. There is no trial date set in the 2020 divorce case (pending without a single evidentiary hearing for over 3 years), her attorney withdrew, she was proceeding on her divorce case pro-se without an order or ruling on her motion on temporary attorneys' fees and was forced to withdraw her claim for breach of the I-864 contract, without objection by Defendant and without prejudice, as she had no legal ability to present her claim nor funds to pay for counsel, in addition to the family court's unwillingness to set a hearing or trial on any matter in this case. In this case, considering Plaintiff's near homelessness her continued delay of any justice at the state court level would equal justice denied in Plaintiff's case, causing her irreparable harm.;

    c. Further, the divorce court has been unwilling to set a hearing date for her motion for breach of the I-864 contract, from the date of her filing, January 11, 2022 up to the date

she withdrew her claim, September 2, 2022, thus delaying her case to the point of becoming a public charge and denying her federal statutory right to proceed with enforcement of her I-864 Affidavit in state court, thus forcing her to file the instant claim in federal court;

d.  In July 2023 Plaintiff was able to borrow money and  obtain new legal representation in the divorce proceedings. Despite being represented, the judge on the divorce case again refused and failed to hear Plaintiff's Motion for interim attorneys' fees, Motion to Dismiss a temporary Order of Protection and Motion to Modify Order of Protection. The denial to Dismiss Order of Protection is currently on interlocutory appeal.  See attached Exhibit 2.; and,

e.  The above cited failure by the state family law to address an order of protection taking away the Plaintiff's child, for three years, which is finally on appeal, is a good indication of the family law court's continuing violation of the Plaintiff's procedural and due process rights guaranteed in the 14th Amendment of the U.S. Constitution.  State family court has not scheduled any hearing for I-864 support or even set her Petition For Attorney's Fees without an evidentiary hearing as required by Illinois statute.  There is no indication that the Plaintiff's I-864 will ever be addressed by the state family law court and even if it does, years from now, the Plaintiff will be homeless and without any benefits the Defendant's intended support would provide.

11. Judgement in this court cannot implicate 'State's interest in enforcing the orders and judgements of its court" as there are none. "Outside of the three "exceptional" situations, the *Younger* abstention is not appropriate, even when there is a risk of litigating the same dispute in parallel and redundant state and federal proceedings. *Id* at 591; *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir.2004). (The problem posed by parallel state and federal  proceedings are managed under the narrowest abstention doctrine of *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d. 483 (1876). Which ordinary calls for a stay rather than dismissal when it applies, but still prevents duplication.)" *Mulholland v. Marion Cnty. Election Bd*., 746 F.3d 811, 816 (7th Cir. 2014).

12. This case differs from that *of Kawai v. Uacearnaigh* in that in Plaintiff's pending divorce case there is no duplicative or parallel to this action to claims pending in the state divorce case. The

only court where an action to enforce the Affidavit of financial support under federal law is pending is in this district court. Therefore, the ***Colorado River*** doctrine is not applicable in this case. Moreover, the ***Kawai*** court found "The parties have failed to provide any indication the Family Court would avoid appropriately considering Plaintiff's claim for support under I-864 Affidavit" whereas in this case the claim is not pending and when it was pending there was every indication that Plaintiff's claim was not and would not be promptly resolved .The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation…to exercise the jurisdiction given to them." ***AXA Corporate Solutions v. Underwriters Reinsurance Corp.***, 347 F.3d 272, 278 (7th Cir. 2003) (internal citations omitted).

13. As Plaintiff argued in her previous filings, the instant case is closer to that of ***TruServ Corp. v. Flagless, Inc.***, 419 F.3d 584 at 593 (7th Cir. 2005), "In the end, this case turns how seriously we take the admonition from the Supreme Court not to stay or dismiss actions without strong justification to do so." ***AXA***, 347 F.3d at 279. We again emphasize the remarkably difficult standard that must be met before we can refuse our "virtually unflagging obligation" to exercise jurisdiction. See ***Colorado River***, 424 U.S. at 817, 96 S.Ct. 1236; AAR, 250 F.3d at 520 (noting that "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction"). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the **complete and prompt resolution** (emphasis added) of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in a deference to the parallel litigation." ***AAR Int'l, Inc. v. Nimelias Enters, S.A.*** , 250 F.3d 510 at 518 (7th Cir. 2001)  (internal quotations omitted).

WHEREFORE, Plaintiff, ALENA KRILEY, by her attorney, Scott T. Ferrill, pray this Honorable Court grant her motion for summary judgment by entering an Order finding Defendant liable to support Plaintiff pursuant to the Affidavit of Support contract and sets this matter for prove-up of past damages and to set her amount of support going forward for 2023 and prove-up attorney's fee expended and costs and award her a judgment of same and for such other and further relief as this Court deems just and equitable.

ALENA KRILEY
BY: Scott T. Ferrill
Scott T. Ferrill, Attorney for Plaintiff

8

1    Scott T. Ferrill
Attorney for Plaintiff
2    801 N. Cass Ave., Suite 200
Westmont, IL 60559
3    (708) 369-1958
4    chicagolaw@gmail.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28