UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ALENA KRILEY, | ) | CASE NO. 22 CV 04832 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ASSIGNED JUDGE: Martha M. Pacold |
| | ) | MAGISTRATE JUDGE: Jeffrey Cole |
| PAUL KRILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING WHETHER THE TRIAL SHOULD BE A BENCH TRIAL RATHER THAN A JURY TRIAL**

Plaintiff, ALENA KRILEY, states as follows:

1. The parties were directed to file a joint memorandum regarding whether the trial should be a bench trial rather than a jury trial (*Dkt. 71*), however the Plaintiff was first notified by e-mail on November 13, 2024 that the Defendant was now intending to request a jury trial and therefore the parties are filing separate memorandums.

2. The Defendant has not filed nor served a jury demand request at no time to date, including failing to request a jury demand in his Answer or any other document at any time, until purportedly filing an untimely jury demand, without serving same, on November 14, 2024 and further has made the following representations to this Court:

   a. Defendant filed a Joint Status report on October 11, 2024 stating that a bench trial would not exceed two days (*Dkt. 69*); and,

   b. Defendant represented in a Telephone Status hearing held on October 24, 2024 that Defendant would not be asking for jury trial.

3. Defendant has purportedly requested a jury trial, which was untimely, in his status report (*Dkt.* 72) filed November 14, 2024 and has failed to provide any statutory or case law authority that allows his seeking to file his jury demand in an untimely fashion and without filing the jury demand with his Answer or within 14 days of filing of the last pleading directed to the issue is which is filed and served as required by:

**FEDERAL RULES OF CIVIL PROCEDURE**
**VI. Trials**

**Rule 38— Jury Trial of Right**

**(a) Right Preserved**. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

**(b) Demand**. On any issue triable of right by a jury, a party may demand a jury trial by:

   **(1)** serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and

   **(2)** filing the demand in accordance with Rule 5(d).

**(c) Specifying Issues**. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may—within 14 days after being served with the demand or within a shorter time ordered by the court—serve a demand for a jury trial on any other or all factual issues triable by jury.

**(d) Waiver; Withdrawal**. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

**(e) Admiralty and Maritime Claims**. These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).

4. The Defendant cited several cases as to why this type of breach of contract case can be tried by a jury and Plaintiff agrees that Defendant could have filed and served a jury demand but he never did so in a timely fashion. Those cases are irrelevant in situations where Defendant did not timely serve and file a jury demand. **FRCP 38(b) Demand** prescribes:

   On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
(2) filing the demand in accordance with Rule 5(d). (*FRCP 38(b)*).

Defendant did not include a jury demand in his pleading (he filed his Answer on January 12, 2023 (*Dkt. 21*). and failed to file and serve his Jury Demand within 14 days after his pleading.

5. The Defendant apparently now changes his mind and now his attorney is requesting a jury trial after this litigation has been pending since the complaint filing date of September, 2022 (*Dkts. 1 and 8*), including having already conducting discovery by the parties, which is now closed, both in this case and in the parties' divorce case.

6. **FRCP 38(d) Waiver; Withdrawal** states:

> A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent. (*FRCP 38(d)*)

Defendant failed to properly serve and file his jury demand, therefore, a jury trial is waived by Defendant. "Failure to file a timely demand results in waiver of the right. On the other hand, timely filing of the demand requires a court to grant a jury trial." *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985). Plaintiff did not request and does not agree to a jury trial demand by Defendant.

7. Plaintiff has provided the Court with unavailable trial dates (*Dkt. 73*) and Defendant has failed to provide unavailable trial dates in contravention of the MINUTE entry requiring same (*Dkt. 71*).

8. Plaintiff objects to Defendant's request for a trial date sometime between September and November of 2025 as Defendant has violated and failed to comply with the Minute Order

(*Dkt. 71*) requiring the parties to state unavailable trial dates in 2025 and further using as an excuse to conduct additional discovery in the parties' divorce case, yet oral and written discovery is closed in the divorce case and further Defendant has had an ample opportunity to conduct discovery in this case, did conduct discovery and discovery is closed in the instant case (*Dkt.40*).

9. For the above stated reasons, Plaintiff objects to a jury trial demand as untimely and objects to a trial date as requested by Defendant.

        Respectfully submitted,

        /s/ Scott Ferrill

        Attorney for Plaintiff

Scott Ferrill
Attorney for Plaintiff
801 N Cass, Suite 200
Westmont, IL 60559
(708) 369-1958