**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALENA KRILEY,** | **Case No.: 1:22-cv-04832** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT** |
| **PAUL KRILEY** | **JUDGE: HON. MARTHA M. PACOLD** |
| **Defendant.** | **MAGISTRATE: JEFFREY COLE** |
| | **ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and LR 56.1 (c), Plaintiff Alena Kriley, by her attorney, Scott T. Ferrill, files this REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT.

## DEFENDANT HAS, FOR THE SECOND TIME, FAILED TO COMPLY WITH LR 56.1 (b) (3)

1. Defendant, in his Response to the Motion For Summary Judgment attempts to assert numerous assumably material facts, which were not set forth in either the LR 56.1(a)(2) statement or the LR 56.1(b)(2) response, without providing a statement of additional material facts that complies with LR 56.1(d), and all such facts should be disregarded by the Court.

2. Defendant attaches an Exhibit List containing 6 Exhibits which are not cited to in either his response as provided by LR 56.1(b)(2) or in his statement of additional material facts (there is none) as provided by LR 56.1(b)(3) and should be disregarded by the Court.

3. Defendant, for the second time in this case, (See [67] ) makes several allegations

1

1    without any support or citation to the record [83].

2      4. Defendant has failed to provide any affidavit or declaration denying the asserted mate-

3    rial facts by plaintiff and has failed to raise any genuine dispute as to any material fact [83] and

4    plaintiff movant is entitled to summary judgment as a matter of law pursuant to FRCP 56(a).

5

6    **<ins>DEFENDANT'S FOUR DENIALS OF MATERIAL FACT ARE INSUFFICIENT AND
SHOULD BE ADMITTED</ins>**

7

8      1. Defendant has attempted to deny Movant's Facts Nos. 10, 13, 16, and 17 [83] but are

9    insufficient denials and should be deemed admitted.

10      2. Movant's Fact 10 regarding 40 hours of coverage under the Social Security Act (10

11    years (40 credible quarters)) of working Social Security coverage is one of the events terminating

12    the Defendant's obligation of support to Plaintiff under I-864 and was denied by Defendant with-

13    out providing any cited evidence by claiming falsely and without evidence that Plaintiff has not

14    fully disclosed discovery nor answered how she has been able to support herself for the last five

15    years (approximate time of the parties' separation). Defendant has failed to show by affidavit or

16    declaration as provided by FRCP 56(d) which is required when facts are unavailable to non-mo-

17    vant. Additionally, Defendant failed to comply with LR 56.1(e)(3) by not citing specific eviden-

18    tiary material that controverts Fact 10.

19

20      3. Defendant denied the movant's Fact 13 by stating he has lack of knowledge as to

21    whether the Plaintiff departed the country in the last five years. Defendant has admitted [Fact 6 of

22    83] that Plaintiff is a lawful permanent resident and one of the terminating events of Defendant's I-

23    864 obligations is "No longer has lawful permanent resident status and has departed the United

24    States." Defendant has failed to show by affidavit or declaration as provided by FRCP 56(d)

25    which is required when facts are unavailable to non-movant. Additionally, Defendant failed to

26

27

28        2

1    comply with LR 56.1(e)(3) by not citing specific evidentiary material that controverts Fact 13.

2        4. Nonmovant's Response to Movant's Fact 16 was denied by Defendant without provid-

3    ing any cited evidence by claiming falsely and without evidence that Plaintiff has not fully dis-

4    closed discovery nor answered how she has been able to support herself for the last five years (ap-

5    proximate time of the parties' separation). Defendant has failed to show by affidavit or declaration

6    as provided by FRCP 56(d) which is required when facts are unavailable to non-movant. Addi-

7    tionally, Defendant failed to comply with LR 56.1(e)(3) by not citing specific evidentiary material

8    that controverts Fact 16.

9        5. Lastly, Defendant denies Plaintiff has incurred costs of collection, including attorney

10

11   fees without citing any evidentiary material supporting his denial but rather stating, "Plaintiff has

12   not attached proof of payment of legal fees." Defendant incorrectly believes payment of legal fees

13   is required for them to be incurred. Defendant provides no support for this novel theory. It is ap-

14   parent that all legal documents filed for Plaintiff in this case have been filed by Ferrill Law Firm,

15   including this one. In any event if judgment is entered in this cause Plaintiff is granted 14 days to

16   file a claim for attorney's fees and nontaxable expenses pursuant to FRCP 54(d)(2)(B)(i).

17

18

19                **REPLY TO NONMOVANT'S ARGUMENT AND ANALYSIS**

20       1. The Defendant argues first that summary judgment cannot be granted because he has put

21   forward multiple affirmative defenses that have yet to be resolved. However, the Plaintiff has filed

22   a Motion To Strike Affirmative Defenses, which has been fully briefed, Motion [31] Response [36]

23   and Reply [37], none of the Affirmative Defenses apply to this cause of action given the absolute

24   nature of the statute requiring Defendant, by agreed written contract, to support Plaintiff and the

25   various courts who have decided only those defenses or reasons for termination of support as stated

26   in the statute, apply to these cases.

27       2. The Defendant then claims Plaintiff has not mitigated damages by taking steps toward

28   becoming a United States citizen or working (coincidentally becoming a U.S. citizen and working

3

1   40 quarters are terminating events for Defendant's I-864 obligation). Defendant has provided no
2   statutory or case law authority that such mitigation of damages is required. *Wenfang Liu v. Mund*,
3   686 F.3d 418 (7th Cir. 2012) (holding that 1-864 beneficiaries have no duty to "mitigate damages"
4   by seeking employment). *Belevich v. Thomas*, 17 F.4th 1048 (11th Cir. 2021) (holding that contract
5   law defense are unavailable in action to enforce the Form I-864). "One starts with the proposition,
6   already established in this case, *see* Doc. 109 at 11-15, that the immigrant has no duty to earn any
7   money and that the sponsor's obligation to the immigrant applies even if the immigrant sits around
8   and eats bonbons all day" *Asilonu v. Okeiyi*, 1:19-CV-1122, at *12-13 (M.D.N.C. May 15, 2023).
9       3. Next, the Defendant argues whether she is "actually disclosing income." However, the
10  parties have completed discovery in this case and have conducted extensive discovery in the parties'
11  divorce case, including financial discovery, and the Plaintiff has provided evidence of substantial
12  loans and general assistance, all of which together easily explain how Plaintiff has survived, since
13  the parties separated, up to the present. The Defendant has presented no evidence that Plaintiff has
14  failed to disclose income. Defendant has broadly stated, "It is not readily apparent that the Plaintiff
15  is not currently supporting herself above the 125% guideline." Clearly the Plaintiff has provided
16  evidence of not only credit card debt but numerous loans of small and large amounts. Defendant has
17  not argued or provided any evidence that such loan is "taxable income" for calculating 125% of the
18  Federal Poverty Guidelines level.
19      4. Defendant next argues his defenses as a matter of "public policy." The Defendant states,
20  "this Court will ultimately need to factor the enforcement of Plaintiff's complaint with his ability to
21  support the minor child." The Defendant cites no authority for his proposition. The Immigration and
22  Nationality Act ("INA") prohibits the immigration of persons into this country who are determined
23  likely to become a public charge at any time. 8 U.S.C. § 1182(a)(4)(A). As part of this statutory
24  framework, Congress created Form I-864, which includes an Affidavit of Support ("Affidavit").
25  Federal courts recognize that the purpose of Form I-864 is to prevent sponsored immigrants from
26  becoming dependent on taxpayers for support. *See, e.g.*, *Liu v. Mund*, 686 F.3d 418, 422 (7th Cir.
27  2012). *Sultana v. Hossain*, 3:21-CV-1219-BK, at *1 (N.D. Tex. Sep. 8, 2022). Interestingly,
28  Defendant claims he will be unable to pay support given his $40,000.00 income per year [83] or
    checking account assets $11,394.32 and a 401k of $60,864.35 as provided in his Financial Affidavit
    dated 11/14/2024 [83].

4

5. Lastly, in a closing paragraph, Defendant argue application of *Kawai v. Uacearnaigh,* 249 F. Supp. 3d 821 (D.S.C. 2017) and *Yanguil v. Lee,* 2014 WL 1400959, which have no bearing on the issue in this case and which was brought previously by Defendant as his Sixth affirmative defense in his Answer to Complaint [21]. Neither of the brought by Defendant cases apply to this case and the issues were briefed in Plaintiff's Motion to Strike [31], Defendant's Response to the motion [36], Reply [37] and Motion For Summary Judgment [51], [57, [59].

6. The *Yanguil v. Lee* case deals with res judicata and does not apply to this case for the following reason:

The 7th Circuit has defined res judicata as: "Res judicata, or claim of preclusion, bars any claim that were litigated or could have been litigated in previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgement on the merits." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 121 F.3d1027, 1034 (7th Cir. 1997)" *Bell v. Taylor,* 827 F.3d 699, 706 (7th Cir. 2016). "There are three requirements for res judicata in Illinois: (1) a final judgement on the merits entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits." *Doherty v. Fed. Deposit Ins. Corp.,* 932 F.3d 978, 983 (7th Cir. 2019). There can be no *res judicata* in the instant case as there is no final judgement in the divorce case.

7. In *Adams v. City of Indianapolis,* 742 F.3d 720, 736 (7th Cir. 2014) citing *Matrix IV, Inc. v. American National Bank,* 649 F.3d at 547 the Court found that lack of a final judgement in the party's divorce case meant no application of *res judicata,* where in *Yanguil v. Lee* on which Defendant relies, a Judgement of Divorce was entered in the Superior Court for the State of California. Therefore, *res judicata* defense fails as third element for *res judicata* is not met in this case.

8. Defendant also argues the *Younger abstention doctrine* set forth in *Younger v. Harris,* 401 U.S. 37 (1971) should be exercised in this case and relies on *Kawai v. Uacearnaigh.* Absent extraordinary circumstances, the *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when doing so would interfere with pending state court proceedings. In determining whether the doctrine applies, courts use a three prong test, asking whether: (1) "there are ongoing state judicial proceedings"; 2) "the proceedings implicate important state interest"; and 3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Id.* (citing *Middlesex City Ethics Comm. V. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

5

9. The *Younger abstention* doctrine is limited in scope and only applies in three classes of cases: where federal jurisdiction would intrude into ongoing state criminal proceedings, or into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings "that implicates a State interest in enforcing the orders and judgements of its courts." *Sprint Communications, Inc. v. Jacobs,* - U.S. - , 134 S.Ct. 584, 588, 187 L.Ed.2d 5050 (2013)." *Mulholand v. Marion Cnty. Election Bd.,* 746 F.3d 811, 815 (7ᵗʰ Cir. 2014). Further, this court must first determine whether the threshold of interference is present here. See, *Montgomery v. Montgomery*, 764 F.Supp.2d 328, 333 D.N.H. 2011). This case would neither enjoin the state proceedings nor have the practical effect of doing so. Plaintiff only seeks an award of support payable by Defendant, past and future together with attorney's fees and costs.

10. To date and for over 4 years since the start of the divorce proceedings , the active Cook County divorce case has held no evidentiary hearing and no court orders or judgement(s) have been entered on the issue of maintenance, child support, alimony, spousal support, division of marital assets or debts, child custody or any other matter involving financial issues. Therefore, judgement in this court cannot implicate 'State's interest in enforcing the orders and judgements of its court" as there are none. "Outside of the three "exceptional" situations, the *Younger* abstention is not appropriate, even when there is a risk of litigating the same dispute in parallel and redundant state and federal proceedings. *Id* at 591; *Nader v. Keith*, 385 F.3d 729, 732 (7ᵗʰ Cir.2004). (The problem posed by parallel state and federal  proceedings are managed under the narrowest abstention doctrine of *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d. 483 (1876). Which ordinary calls for a stay rather than dismissal when it applies but still prevents duplication.)" *Mulholland v. Marion Cnty. Election Bd.,* 746 F.3d 811, 816 (7ᵗʰ Cir. 2014).

11. This case differs from that of *Kawai v. Uacearnaigh* in that in the current pending divorce case there is no duplicative or parallel to this action claims pending in the state divorce case. The only court where an action to enforce the Affidavit of financial support under federal law is pending is in this district court. Therefore, *Colorado River* doctrine is not applicable in this case. Moreover, the *Kawai* court found "The parties have failed to provide any indication the Family Court would avoid appropriately considering Plaintiff's claim for support under I-864 Affidavit" whereas in this case the claim is not pending and when it was pending there was every indication that Plaintiff's  claim was not and would not be promptly resolved.

6

12.   In the instant case Plaintiff raised her claim initially in state Court but the state Court failed and refused to set her motion for hearing, her attorney withdrew, and she was forced to withdraw her claim, as previously stated. Indeed, her state claim was pending from January 11, 2022, to September 2, 2022, when she withdrew the federal I-864 claim, (See, Group Exhibit 1) after a passage of nearly nine months' time, without even setting the matter for trial or hearing. There therefore was no prompt resolution of her I-864 claim in the state divorce court and when the court decided the case is unknown other than it would never be promptly decided and never be promptly resolved.

13.   The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances' and has also emphasized that federal courts have a 'virtually unflagging obligation...to exercise the jurisdiction given to them." *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (internal citations omitted).

14.   As Plaintiff argued in her previous filings, the instant case is closer to that of *Truserv Corp. v. Flegles, Inc.*, 419 F.3d 584 at 593 (7th Cir. 2005), "In the end, this case turns how seriously we take the admonition from the Supreme Court not to stay or dismiss actions without strong justification to do so." *AXA*, 347 F.3d at 279. We again emphasize the remarkably difficult standard that must be met before we can refuse our "virtually unflagging obligation" to exercise jurisdiction. *See Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236; *AAR*, 250 F.3d at 520 (noting that "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction"). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the **complete and prompt resolution** (emphasis added) of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in a deference to the parallel litigation." *AAR*, 250 F.3d at 518 (internal quotations omitted).

WHEREFORE, Plaintiff, ALENA KRILEY, by her attorney, Scott T. Ferrill, pray this Honorable Court grant her motion for summary judgment by entering an Order finding Defendant liable to support Plaintiff pursuant to the Affidavit of Support contract and granting the relief requested in Plaintiff's Motion for Summary Judgment.

ALENA KRILEY

BY:  <u>Scott T. Ferrill, her attorney</u>
        Scott T. Ferrill, Attorney

7

1

Scott T. Ferrill
Attorney for Plaintiff
801 N. Cass Ave., Suite 200
Westmont, IL 60559
(708) 369-1958
chicagolaw@gmail.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# GROUP  EXHIBIT 1

**To Plaintiff's <u>Reply</u> to Defendant's Response to Plaintiff's Motion for <u>Summary Judgement</u>:**

- *Order of Withdrawal of Count II (Count II - Motion for Breach of Contract I-864) of Alena's Kriley Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs; (divorce case).*

- *Alena's Kriley Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs;*

- *Paul's Kriley Response to Motion for Temporary Support and Breach of Contract and for Contribution to Attorney's Fees and Costs, filed February 10, 2022 (divorce case).*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF: )
)
PAUL KRILEY, )
        Petitioner, )
) No.: **2020 D 7036**
)
-and- ) Cal.: **97**
)
)
ALENA KRILEY, )
        Respondent. )

## ORDER OF RESPONDENT'S VOLUNTARY WITHDRAWAL
## OF COUNT II OF MOTION FILED JANUARY 10, 2022

This Cause coming before the Court on Respondent's, ALENA KRILEY'S Motion to
Withdraw, without prejudice, her Count II (Count II – Motion for Breach of Contract) of the
Defendant's Alena Kriley Motion for Temporary Support and Breach of Contract and for
Contribution to Attorneys' Fees and Costs (filed on 01/10/2022), pursuant to General Order 13,
electronic notice having been given to Petitioner through his attorneys, Petitioner not having any
objection to the entry thereof, the Court having jurisdiction over the parties and the subject matter,
and the Court being fully advised in the premises.

**IT IS HEREBY ORDERED THAT:**

Respondent's, ALENA KRILEY'S Motion to Withdraw her Count II (Count II – Motion
for Breach of Contract) of the Defendant's Alena Kriley Motion for Temporary Support and
Breach of Contract and for Contribution to Attorneys' Fees and Costs (filed on 01/10/2022),
without prejudice, is GRANTED.

**ENTERED:**

Prepared by:
**Respondent Alena Kriley, Pro SE.**
1124 Lake St, #509
Oak Park, Illinois 60301
(872) 233-7746
Respondent: fransevna@yahoo.com
Attorney for Petitioner:
deanotaradash33@gmail.com
GAL: michael@mllfamilylaw.com

> **E N T E R E D**
> Judge Maritza Martinez-2131
> SEP 02 2022
> **IRIS Y. MARTINEZ**
> **CLERK OF THE CIRCUIT COURT**
> **OF COOK COUNTY, IL**

*s/Maritza Martinez*      2131
Judge Maritza Martinez    Judge's No.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
    to get more information and Zoom Meeting IDs.

FILED
1/10/2022 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020D007036
Calendar, 97
16231387

FILED DATE: 1/10/2022 2:20 PM   2020D007036

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

IN RE THE MARRIAGE OF:

PAUL KRILEY,
    **Plaintiff,**

vs.

ALENA KRILEY,
    **Defendant.**

)
)
)
)
)
)
)
)
)

No. **2020 D 007036**
Calendar 97

## MOTION FOR TEMPORARY SUPPORT AND BREACH OF CONTRACT AND FOR CONTRIBUTION TO ATTORNEYS' FEES AND COSTS

   Now comes the Defendant, Alena Kriley (hereinafter referred to as "Alena"), by and through her attorneys, OPAL O'BRIEN, LLC, and in support of this *Motion for Temporary Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs* pursuant to 750 ILCS 5/501 and the Affidavit of Support she states as follows:

### COUNT I – MOTION FOR TEMPORARY SUPPORT

1.  Paul Kriley (hereinafter referred to as "Paul") has filed his *Petition for Dissolution of Marriage.* Said Petition remains pending and undetermined at this time.

2.  The parties have one child, J.K., born in 2019.

3.  Upon information and belief, Paul is gainfully employed, and fully capable of contributing to Alena's financial obligations. Paul has the financial ability to earn substantial income. Alena has no such ability. Paul has an education, and work experience which enables him to earn substantial income.

4.  Alena is presently unemployed.

5.  Alena is an immigrant from Belarus. Alena has limited English proficiency. She has no education in USA. The book of her work experience from her country is still withheld from her by Paul Kriley. It cannot be re-issued in the country of her origin. She also has medical

FILED DATE: 1/10/2022 2:20 PM   2020D007036

issues which impair her ability to work. Alena was coerced into a late abortion by her husband. Two (2) permanent metal stents were implanted into her pelvis which cause her constant pain, and impair her ability to work. Her physical health has been damaged and she does not have the physical ability to earn income. Upon information and belief, Paul is in good health, has no medical issues, and has the physical ability to work full-time.

6.    Alena's current expenses include rent, transportation, food, cell phone bills, other reasonable living expenses, medical and dental bills and costs associated with keeping her embryos alive. Alena is currently getting psychological help for severe trauma of domestic violence that she has endured, and it is no cost at a domestic violence agency. She is also in need of medical assistance due to the severe trauma from the late abortion. It is impossible to find such help at no cost. She also was not able to find a provider in network with her insurance plan. She found a psychologist out of network but cannot afford to pay for this out-of-pocket. She also needs help dealing with her separation anxiety due to the fact that she cannot see her own son. She needs money to fix her car as well.

7.    Additionally, in September of 2020, Alena found documents related to her immigration case that were apparently in the possession of Paul. Paul failed to tell Alena about these documents (requesting that Alena come in for fingerprints). The letter was sent out in the summer of 2019. Paul did not tell Alena about this letter. If Alena had went for fingerprints in summer of 2019 upon information and belief, she could have received her US citizenship before Paul filed his Petition for Dissolution of Marriage. Not showing up for the fingerprints and the filed Petition for Dissolution of Marriage (filed by Paul) significantly complicated and delayed her immigration process and she is in dire need of professional help and needs an immigration attorney. She was quoted retainers from $3,500.00 to $7,500.00 by immigration attorneys.

FILED DATE: 1/10/2022 2:20 PM   2020D007036

8.  Alena does not currently qualify for public benefits. She was also advised by an immigration attorney against getting on public benefits since that may preclude her from getting citizenship.

9.  Alena has significant debt as seen on her Financial Affidavit, which is incorporated herein by reference.

10. Alena needs money to pay for experts in this divorce case.

11. Alena has no ability to apply for loans or credit cards because she already owes significant amounts of money to banks and her credit score went from 800 to around 400.

12. Alena is one hundred percent dependent upon Paul for her financial support.

13. Alena has no independent means to pay her bills.

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A.  For an Order requiring Paul Kriley to pay Alena Kriley temporary monthly support in an amount that will allow her to pay her rent, transportation costs, food costs, other reasonable living expenses, medical and dental costs and the cost of keeping her embryos alive;

B.  For such other relief as the Court may deem equitable and just.

### COUNT II – MOTION FOR BREACH OF CONTRACT

1.  Alena restates paragraphs 1-13 of COUNT I as paragraphs 1-13 of this COUNT II.

14. Alena became a permanent resident of the United States based on her marriage to Paul.

15. Paul signed an I-864 immigration affidavit in which he promised to maintain Alena at 125% of the Federal Poverty Level. A copy of said Affidavit can be provided to the Court upon request.

16. There are two (2) components to I-864; support arrearages and future support.

17. Alena and Paul have not lived together since September 28, 2020. She has not received any financial support from Paul since September 28, 2020. As such, Paul should pay Alena financial support from September 28, 2020 going forward to present. Alena is also entitled to

FILED DATE: 1/10/2022 2:20 PM  2020D007036

future support under her I-864 claim. Upon information and belief, both the contract itself and the Immigration and Nationality Act authorize an attorney fee award for sponsored immigrants.

18. The purpose of the I-864 Affidavit of Support is to preclude admission to the United States of any alien who is likely at any time to become a public charge. *See Bychina v. Astrakhantsev,* 2021 Ill.App.2d 200303 (2nd Dist. 2021).

19. Our divorce Courts are required to consider this breach of contract in pending divorce proceedings. *See Bychina v. Astrakhantsev,* 2021 Ill.App.2d 200303 (2nd Dist. 2021).

20. Furthermore, in the *Bychnia* case, the Second District Court of Appeals reversed the Trial Court's decision declining to rule on the merits of petitioner's breach of contract claim with regard to an Affidavit of Support from an immigration case. *See In re Marriage of Bychina,* 2021 IL App (2d) 200303. In *Bychina,* the higher Court held "Respondent's obligations under the Affidavit of support are separate from any obligations, such as maintenance, he may have under Illinois divorce law." *See Id.* As such, the *Bychina* Court held that the petitioner's breach of contract claim with respect to the Affidavit of Support should have been heard by the Trial Court (in State, not Federal Court).

21. Alena is a third-party beneficiary of the I-684 Affidavit and contract between Paul and the United States.

22. Paul has violated his contractual obligations to Alena by failing to provide her with support at a level consistent with no less than 125% of the Federal Poverty Level.

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A. For an Order requiring Paul Kriley to maintain Alena Kriley according to her needs, but no less than at the minimum level of 125% the current poverty guidelines;

FILED DATE: 1/10/2022 2:20 PM   2020D007036

B.   For an Order for retroactive support going back to September 28, 2020 payable from Paul to Alena;

C.   To award attorneys' fees for litigation of the I-864 claim;

D.   To award expert fees and costs;

E.   For such other relief as the Court may deem equitable and just.

## COUNT III – MOTION FOR PROSPECTIVE FEES

1.   Alena restates paragraphs 1-122 of COUNT II as paragraphs 1-122 of this COUNT III.

23.   Alena has paid OPAL O'BRIEN LLC $15,000.00 in attorney fees.

24.   Alena has already spent approximately $12,500.00 in attorney fees, leaving her only $2,500.00 to fund the remainder of this litigation.

25.   Alena had to borrow the original retainer from family and has no means to repay this debt or to pay any additional attorney fees and costs in this matter.

26.   Upon info and belief, Paul Kriley has the means to contribute towards Alena's attorney fees.

27.   Alena lacks the ability to pay additional attorneys' fees and costs in this matter.  She is unemployed, and has no earning potential.

28.   The attorneys' fees and costs incurred by Alena to date were fair, reasonable, and necessary.

29.   This is a complex case involving an Affidavit of Support issue, parenting issues, a 215 evaluation, and the like.  Substantial discovery still needs to be done.  The case will presumably have to be tried.  Substantial prospective attorneys' fees and costs will be needed in a case like this. Alena lacks the ability to pay for these prospective fees and costs.

30.   The affidavit of Alena is attached hereto and incorporated herein as **Exhibit A.**

31.   Alena has provided an updated Financial Affidavit which can be supplied to the Court upon request.

FILED DATE: 1/10/2022 2:20 PM 2020D007036

WHEREFORE, the Defendant, Alena Kriley, respectfully prays for the following relief:

A. For an Order requiring Paul Kriley to pay Alena Kriley $15,000 in interim and prospective attorney fees;

B. To award expert fees and costs; and

C. For such other relief as the Court may deem equitable and just.

Respectfully submitted,

_Alena Kriley (Jan 10, 2022 13:17 CST)_

**ALENA KRILEY**

**OPAL O'BRIEN LLC**

_Joe O'Brien (Jan 10, 2022 13:20 CST)_

Attorney for Defendant

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes same to be true.

_Alena Kriley (Jan 10, 2022 13:17 CST)_

**ALENA KRILEY**

**Joseph P. O'Brien**
joe@opalobrien.com
**OPAL O'BRIEN LLC #59789**
310 S. County Farm Road, Suite D
Wheaton, Illinois 60187
(630) 384-0165
Electronic Service: **service@opalobrien.com**

2020 D 007036      Motion for Temporary Support, et. al.      Page 6 of 6

FILED
2/10/2022 1:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020D007036
Calendar, 97
16661409

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:            )
                                  )
PAUL KRILEY,                      )
Petitioner,                       )
    -and-                         )        No.:    2020 D 7036
                                  )
ALENA KRILEY,                     )        Cal.:   97
Respondent.                       )

### RESPONSE TO MOTION FOR TEMPORARY SUPPORT AND BREACH OF CONTRACT AND FOR CONTRIBUTION TO ATTORNEYS' FEES AND COSTS

NOW COMES THE PETITIONER, **PAUL KRILEY**, by and through his attorneys,

**THE TARADASH GROUP, P.C.** and as and for his Response to Motion for Temporary

Support and Breach of Contract and for Contribution to Attorneys' Fees and Costs (hereinafter

**MOTION**), respectfully states unto this Honorable Court as follows:

### COUNT I – MOTION FOR TEMPORARY SUPPORT

1.  That the Petitioner admits the allegations as set forth in paragraph one (1) of the **MOTION**.

2.  That the Petitioner admits the allegations as set forth in paragraph two (2) of the **MOTION**.

3.  That the Petitioner admits only that he is currently employed and has an education. That the Petitioner denies the remaining allegations as set forth in paragraph three (3) of the **MOTION**.

4.  That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph four (4) of the **MOTION** and therefore denies the same.

5.  That the Petitioner admits only that Respondent is an immigrant from Belarus. That the

FILED DATE: 2/10/2022 1:53 PM    2020D007036

Petitioner denies the allegation that the Respondent has limited English proficiency. That the Petitioner admits that the Respondent has no education in the United States but affirmatively states that she received an education in Belarus. That the Petitioner admits only that the Respondent had stent implanted into her pelvis. That the Petitioner denies the remaining allegations as set forth in paragraph five (5) of the **MOTION**.

6. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph six (6) of the **MOTION** and therefore denies the same.

7. That the Petitioner denies the allegations as set forth in paragraph seven (7) of the **MOTION**.

8. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph eight (8) of the **MOTION** and therefore denies the same.

9. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph nine (9) of the **MOTION** and therefore denies the same.

10. That the Petitioner denies the allegations as set forth in paragraph ten (10) of the **MOTION**.

11. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph eleven (11) of the **MOTION** and therefore denies the same.

12. That the Petitioner denies the allegations as set forth in paragraph twelve (12) of the **MOTION**.

FILED DATE: 2/10/2022 1:53 PM    2020D007036

13. That the Petitioner denies the allegations as set forth in paragraph thirteen (13) of the **MOTION**.

**WHEREFORE, PETITIONER, PAUL KRILEY,** respectfully prays as follows:

A. Denying the Motion; and

B. For any such further and other relief that this Honorable Court deems just and equitable.

## <u>COUNT II – MOTION FOR BREACH OF CONTRACT</u>

1. No response necessary.

14. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph fourteen (14) of the **MOTION** and therefore denies the same.

15. That the Petitioner admits the allegations as set forth in paragraph fifteen (15) of the **MOTION**.

16. That the Petitioner admits the allegations as set forth in paragraph sixteen (16) of the **MOTION**.

17. That the Petitioner admits only that Paul and Alena have not lived together since September 2020. That the Petitioner denies the remaining allegations as set forth in paragraph seventeen (17) of the **MOTION**.

18. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

19. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

20. That the Petitioner admits only that the Respondent cites *Bychina v. Astrakhantseve*, 2021 Ill.App.2d 200303 (2nd Dist. 2021) and denies the applicability in the instant matter.

FILED DATE: 2/10/2022 1:53 PM    2020D007036

21. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-one (21) of the **MOTION** and therefore denies the same.

22. That the Petitioner denies the allegations as set forth in paragraph twenty-two (22) of the **MOTION**.

**WHEREFORE, PETITIONER, PAUL KRILEY,** respectfully prays as follows:

A. Denying the Motion; and

B. For any such further and other relief that this Honorable Court deems just and equitable.

## COUNT III – MOTION FOR PRESPECTIVE FEES

1. No response necessary.

23. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-three (23) of the **MOTION** and therefore denies the same.

24. That the Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-four (24) of the **MOTION** and therefore denies the same.

25. Petitioner lacks sufficient knowledge as to form a reasonable belief as to the allegations as set forth in paragraph twenty-five (25) of the **MOTION** and therefore denies the same.

26. That the Petitioner denies the allegations as set forth in paragraph twenty-six (26) of the **MOTION**. That the Petitioner affirmatively states that he has caused to be paid to The Taradash Group, P.C. the sum of $15,750.00 and has a current outstanding balance of $5,908.67.

27. That the Petitioner denies the allegations as set forth in paragraph twenty-seven (27) of

FILED DATE: 2/10/2022 1:53 PM   2020D007036

the **MOTION**.

28. That the Petitioner denies the allegations as set forth in paragraph twenty-eight (28) of the **MOTION**.

29. That the Petitioner denies the allegations as set forth in paragraph twenty-nine (29) of the **MOTION**.

30. That the Petitioner admits only that the Respondent attached an Exhibit to her Motion.

31. That the Petitioner admits only that the Respondent has completed her financial affidavit.

**WHEREFORE, PETITIONER, PAUL KRILEY,** respectfully prays as follows:

C. Denying the Motion; and

D. For any such further and other relief that this Honorable Court deems just and equitable.

**THE TARADASH GROUP, P.C.**
Attorneys for Petitioner
180 N. LaSalle St. Ste. 3700
Chicago, IL 60601
312-775-1020
Atty. No.: 57943
meyer@chicagodivorceatty.com

Respectfully submitted,

One of Petitioner's Attorneys