UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL KRILEY <br><br> Defendant. | Case No.: 1:22-cv-04832 <br><br><br> PLAINTIFF'S MEMORANDUM OF LAW <br><br> JUDGE: HON. MARTHA M. PACOLD <br> MAGISTRATE: JEFFREY COLE |

### PLAINTIFF'S MEMORNADUM OF LAW DEFINING INCOME PURSUANT TO 1183a(a)(1)(A)

Pursuant to prior Order of Court , Plaintiff Alena Kriley, by her attorney, Scott T. Ferrill, files this MEMORANDUM OF LAW DEFINING INCOME PURSUANT TO 1183a(a)(1)(A), and states:

The statute does not define income, and courts have not followed a uniform approach. *See Flores v. Flores*, 590 F. Supp. 3d 1373, 1380-81 (W.D. Wash. 2022) (citing cases taking different approaches). Recently, several federal courts have looked to the definition in 8 C.F.R. § 213a.1:

Household income means the income used to determine whether the sponsor meets the minimum income requirements under sections 213A(f)(1)(E), 213A(f)(3), or 213A(f)(5) of the Act.

. . . .

Income means an individual's total income (adjusted gross income for those who file IRS Form 1040EZ) for purposes of the individual's U.S. Federal income tax liability, including a joint income tax return (e.g., line 22 on the 2004 IRS Form 1040, line 15 on the 2004 IRS Form 1040A, or line 4

on the 2004 IRS Form 1040EZ or the corresponding line on any future revision of these IRS Forms).

8 C.F.R. § 213a.1(2) (2023). This regulation sets out definitions for use in connection with evaluating affidavits of support. *See id.* Some federal courts refuse to apply Section 213a.1 because, [**23] in their view, it "applies only to determine whether a sponsor's household income is sufficient to sponsor an immigrant, not to calculate the sponsored immigrant's income post-separation." *Tsanev v. Tsanev*, No. C21-1667-MLP, 2022 U.S. Dist. LEXIS 148297, 2022 WL 3566759, at *6 (W.D. Wash. Aug. 18, 2022). Without a statutory or regulatory definition, these courts interpret income "expansively" to "includ[e] the immigrant's government benefits, educational grants, and alimony, if any." *Ronchin v. Hoop*, No. 19 C 3981, 2021 U.S. Dist. LEXIS 203134, 2021 WL 4902456, at *3 (N.D. Ill. Oct. 21, 2021); *see Tsanev*, 2022 U.S. Dist. LEXIS 148297, 2022 WL 3566759, at *6 (citing other decisions taking expansive approach). More recently, courts have applied Section 213a.1 even though it is not explicitly applicable. *See, e.g., Flores*, 590 F. Supp. 3d at 1382 (deciding that "it makes sense to apply the definition set forth in 8 C.F.R. § 213a.1").

In deciding whether to apply this definition, we start with "the stated statutory goal," which is "to prevent the admission to the United States of any alien who 'is likely at any time to become a public charge.'" *Wenfang Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012) (citing 8 U.S.C. § 1182(a)(4)(A)); *see Beringer*, 2020 Tex. App. LEXIS 2692, 2020 WL 1545797, at *1 n.1 ("The sponsor's promise to maintain the immigrant is intended not only to protect the immigrant from poverty, but to protect the government from a public burden." (citation omitted). Consistent with this focus, the sponsor's obligation of support terminates only if the immigrant becomes naturalized or "has worked 40 qualifying quarters of coverage as defined under title [**24] II of the Social Security Act or can be credited with such qualifying quarters." 8 U.S.C. § 1183a(a)(2), (3)(A). Applying Section 213a.1's definition of income is consistent with that focus. Interpreting the term more

2

expansively has led courts to conclusions less consistent with the statutory purpose. *See, e.g.,* Erler v. Erler, No. 12-CV-02793-CRB, [*573] 2017 U.S. Dist. LEXIS 189203, 2017 WL 5478560, at *8-9 (N.D. Cal. Nov. 15, 2017), *aff'd*, 798 Fed. Appx. 150 (9th Cir. 2020) (concluding that income from foreign pension funds that immigrant beneficiary could not access constituted income); Toure-Davis v. Davis, No. CIV.A. WGC-13-916, 2015 U.S. Dist. LEXIS 26224, 2015 WL 993575, at *6 (D. Md. Mar. 4, 2015) (holding that third party's allowing immigrant beneficiary to sleep in basement in return for housecleaning services constituted income).

In sum, Section 213a.1's definition of income is consistent with the statutory text and applying it furthers the goal of ensuring the immigrant beneficiary does not become a public charge. In the absence of further guidance, this Court should apply Section 213a.1 in calculating a sponsored immigrant's income. See Flores, 590 F. Supp. 3d at 1382 (employing Section 213a.1); Sultana v. MD Safayet Hossain, 575 F. Supp. 3d 696, 699-700 (N.D. Tex. 2021) (same); Fukita v. Gist, No. 20-CV-1869 (SRN/LIB), 2021 U.S. Dist. LEXIS 16293, 2021 WL 288121, at *5 (D. Minn. Jan. 28, 2021) (same).

Generally, a "loan is not taxable income when received because the taxpayer [**27] has an obligation to repay it." Nath v. Commissioner of Internal Revenue, T.C.M. (RIA) 2023-022, T.C. Memo 2023-22 (T.C. 2023). The "conventional test" for a loan in the taxation context "is to ask whether, when the funds were advanced, the parties actually intended repayment." Welch v. Comm'r, 204 F.3d 1228, 1230 (9th Cir. 2000). Plaintiff is expected to repay her family members and others, and there is no contrary evidence.

In regard to SNAP benefits (fka food stamps), benefits are not considered income or resources for any purpose under any Federal, State or local laws. See, 7 USCS Sec. 2017.

Regarding the definition of income from the Ninth Circuit, cited in the findings of this Court in

3

Plaintiff's summary judgment motion, which has addressed the issue three times. In a reported case, the Ninth Circuit reviewed the district court's grant of summary judgment to a defendant-sponsor. Erler v. Erler (Erler I), 824 F.3d 1173 (9th Cir. 2016). The district court concluded that the sponsor had not breached his obligation to support the immigrant because the immigrant moved in with her adult son who had an annual income greater than 125% of the federal poverty line. Id. at 1175-76. The Ninth Circuit vacated the court's order, holding in part that "[w]hen measuring the immigrant's income, the court must disregard the income of anyone in the household who is not a sponsored immigrant." Id. at 1180. The court noted that while § 213a.1 defines income for the sponsor, it does not define income for the sponsored immigrant. Id. at 1177. But the court did not specifically [*782] address whether it would be appropriate to adopt the definition in § 213a.1.

Later in the same case, appealed again after remand, the Ninth Circuit in an unpublished opinion reviewed the district court's decision to reduce the defendant's liability by amounts the immigrant received in food stamps and from a foreign [**7] pension. Erler v. Erler (Erler II), 798 F. App'x 150 (unpublished memorandum). The immigrant argued in part that the food stamps and foreign pension did not qualify as income because they were non-taxable under § 213a. Id. at 150-51. The Ninth Circuit rejected her argument, concluding that § 213a "applies only to determine whether a sponsor's household income is sufficient to sponsor an immigrant, not to calculate the sponsored immigrant's income." Id. at 150. The court held that the pension was income without much discussion other than to reject the plaintiff's argument and to note that the plaintiff had control over the pension. Id. at 151. The court also held that food stamps were income since the statute specifically states that the entity providing the public benefits can seek reimbursement from the sponsor for the value of the benefits provided to the sponsored immigrant. Id.

Finally, in another unpublished opinion, the Ninth Circuit reviewed a district court's jury

4

instructions on how to calculate a sponsored immigrant's income. *Anderson*, 840 F. App'x 92. The district court instructed the jury "that in addition to wages and cash payments," "income includes property, services, gifts, or educational grants and constructively-received income." *Id.* at 94 (cleaned up). The Ninth Circuit agreed that income [**8] appropriately includes educational grants but held that the district court erred by including "constructively-received income," and that health insurance benefits and a judgment the sponsor had obtained against the immigrant should not have been considered as income. *Id.* at 95. The court "recognize[d] the lack of precedential authority defining 'income' in this context," but it found that "establishing a uniform definition [was] unnecessary to resolve this appeal" and declined the plaintiff's "invitation to restrict 'income' to the definition set forth in 8 C.F.R. § 213a.1." *Id.*

Since *Anderson* and *Erler II*, district courts in the Ninth Circuit have gone both ways. One court recently concluded that the definition in § 213a.1 should apply, finding that *Anderson* and *Erler II* are not precedential authority and that there was no compelling reason to discard the regulatory definition. *See Flores*, 590 F. Supp. 3d at 1381-82. A different judge on the same court concluded later that the definition in § 213a.1 should not apply and that *Anderson* and *Erler II*, while nonbinding, were "persuasive in light of the majority of federal courts that have also declined to restrict a sponsored immigrant's income to only their taxable income." *Tsanev*, 2022 U.S. Dist. LEXIS 148297, 2022 WL 3566759, at *6..

The definition of "income" in § 213a.1 is the appropriate starting point. Although § 213a.1 is within a section entitled "Affidavits of Support on Behalf of Immigrants," another regulation within the same section uses "income" to refer to the sponsored immigrant's income. *See* 8 C.F.R. § 213a.2(c)(2) ("In order for the intending immigrant to overcome the public [*783] charge ground of inadmissibility, the sponsor must demonstrate the means to maintain the intending immigrant at

5

an annual income of at least 125 percent of the Federal poverty line."). The Affidavit of Support also incorporates § 213a by reference. *See* Doc. 1-3 at 7 ("If you sign Form I-864 on behalf of any person . . . and that intending immigrant submits Form I-864 to the U.S. Government with his or her application for an immigrant visa or adjustment of status, under INA section 213A, these actions create a contract between you and the U.S. Government.").

As the Supreme Court has repeatedly said in construing statutes, if a word or phrase means one thing in part of the statute, it generally means the same thing in another. Courts "normally construe regulations using the same rules [they] employ to construe statutes." *Harris v. Norfolk S. Ry. Co.*, 784 F.3d 954, 962 (4th Cir. 2015). This test has the advantage of being relatively straightforward to apply, without the need to delve into the policy reasons for the sponsorship requirement or to develop a new world of case law defining "income" under the statute. Deference to a reasonable definition in the regulations is also usually appropriate in the immigration context.

In contrast, there is not a good reason to reject the regulatory definition, at least in most situations. There are a myriad of ways to define "income," making consistency difficult. The policy and "statutory purpose" arguments used by courts that do not apply the regulatory definition can often support either result, if they are fleshed out. Nothing else appearing, the definition in the regulation is appropriate. *See generally Flores*, 590 F. Supp. 3d at 1382.

The Court in this instance may appreciate the cases to the contrary. But none have precedential value, many involved *pro se* litigants and little to no consideration of the regulation, and the one published appellate case is not on point.

The following are recent cases, all following the most recent trend in federal courts and state courts, to define an immigrant's income for calculation of damages as ONLY federally taxable income as defined in 8 CFR 213a.1:

6

1. Asilonu v. Okeiyi, 673 F. Supp. 3d 776 (M.D.N.C. 2023);

2. Biton v. Jackson, No. CIV-23-968-SLP, 2025 U.S. Dist. LEXIS 2592 (W.D. Okla. Jan. 7, 2025);

3. Flores v. Flores, 590 F. Supp. 3d 1373 (W.D. Wash. 2022);

4. Morton v. Cisneros, No. 1:23-cv-01726-PTG-LRV, 2025 U.S. Dist. LEXIS 27825 (E.D. Va. Jan. 8, 2025);

5. Fukita v. Gist, No. 20-CV-1869 (SRN/LIB), 2021 U.S. Dist. LEXIS 16293 (D. Minn. Jan. 28, 2021);

6. Kazmi v. Kazmi, 693 S.W.3d 556 (Tex. App. 2023); and,

7. Sultana v. Hossain, 575 F. Supp. 3d 696 (N.D. Tex. 2021).

Given the above, this Court should determine, at the start of trial, that for purposes of calculating income, 8 CFR Sec. 213a.1 be used to define income.

Respectfully submitted,

ALENA KRILEY

Dated: January 9, 2025


/s/ Scott T. Ferrill

Scott Ferrill, Plaintiff's Attorney


Ferrill Law Firm
Scott T. Ferrill
Attorney for Plaintiff
801 N. Cass Ave., Suite 200
Westmont, IL 60559
(708) 369-1958
chicagolaw@gmail.com

7