UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALENA KRILEY, | ) Case No.: 22 C 4832 |
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND FINDINGS AND FOR A NEW TRIAL |
| PAUL KRILEY, | ) ASSIGNED JUDGE: Martha M. Pacold |
| Defendant. | ) MAGISTRATE JUDGE: Jeffrey Cole |

Defendant, Paul Kriley ("Paul"), through his attorneys, Stern Mendez, LLC, responds to the Plaintiff's Motion to Amend Findings and for a New Trial ("Motion") as follows:

**RESPONSE**

Plaintiff, Alena Kriley ("Alena") seeks for this Court to issue an amended finding and for a new trial on this matter citing to an alleged disregard for proper legal procedure and alleged prejudice against Alena. Notably, Alena cites to no case law that would support any of her positions that would compel this Court to amend its final ruling which was issued on August 12, 2025. Alena also provides no proper reasoning as to why a new trial in this matter would be appropriate.

Paul generally agrees with the factual and procedural background which was set forth in Alena's Motion. While this Court opted to not rule on its definition of income prior to trial, Alena cites to no procedural rule or case law that would require it to do so. This issue was obviously something needed to be determined at trial and this Court further requested opposing briefs to be submitted in advance. Both sides were presented the opportunity to present their arguments for their respective interpretations of the definition of income for this Court to take under advisement. Alena's argument that she repeatedly requested this Court to issue a ruling on the definition of income and this Court declining to do so only cements that fact that Alena was fully on notice that this issue would need to be argued at trial and that they would need to carry their burden as required.

Alena argues that she was unfairly prejudiced by having to prove that the alleged loans she received from family were truly loans and not gifts. To argue that she was ignorant that this would be an issue is negligent and shows a markedly lack of due diligence on her end. Paul made clear that he would be arguing the validity of these alleged loans in various pleadings (see Defendant's Answer to Complaint, Defendant's Answers to Plaintiff's Motion to Strike Affirmative Defenses and Redundant, Impertinent and Scandalous Matters, Defendant's Memorandum of Law in Support of Response to Motion for Summary Judgment). Furthermore, this Court itself put Alena on notice that the issue of Alena's alleged loans was going to be an issue for trial. (Transcript of Proceedings March 13, 2025 – Telephonic Ruling, (P. 12-13, L. 13-25, L. 1-2) and was in fact the *only* issue that was left to be tried.

Alena also cites no legal precedent or procedural rule which indicates that this Court would be required to define income prior to commencing trial. Indeed, most previous case law which deals with this specific I-864 issue resulted in Courts issuing rulings or determinations as to definitions of income when rendering judgment and making determinations as to whether or not a sponsored immigrant's income fell below 125% federal poverty guidelines. Alena was not robbed of any due process or experienced any prejudice. Alena was aware of what her burden was and did not properly present the evidence that was required to carry said burden.

Alena argues that had she had known how income was to be defined prior to trial and given the answers to the tests, she would have brought in additional witnesses or evidence. It should be noted that Alena herself was the one who presented all of her promissory notes as exhibits in support of her own case. This Court in its oral ruling cited to multiple cases that establishes the validity of a promissory note. (Vol. 3 Transcript of Proceedings – Telephonic Ruling, Pg. 300, L. 12-16, Pg. 301, L. 13-22, Pg. 305-306, L. 9-25, L. 1-2). Case law exists that Alena had access to in which to properly prepare her case before trial but chose not to and rely on her own testimony and exhibits which this Court discredited. Alena's argument that the Court improperly discounted the promissory notes is objectively

incorrect. The Court greatly detailed why the promissory notes Alena herself introduced into evidence lacked proper foundation and credibility to establish her burden that these were actual loans and not gifts. The fact that the Court may not have heard alleged, necessary evidence is the fault of Alena, not of this Court.

Alena further argues that this Court did not adhere to Illinois law in its reliance on the demeanor of Alena during her testimony. Alena also alleges that this Court misapplied Illinois law in its failure to differentiate gifts from parents and gifts from siblings. It is unclear as to why Alena argues that Illinois law was misapplied here during a federal case that is dealing strictly with a federal issue. No explanation is provided as to what specific law this Court may have misapplied nor any reasoning as to why this Court would even be bound by Illinois law.

Besides just the purely factual grounds that Alena's current motion can be denied upon, Alena does not meet any of the legal standards for her request for amended findings or for a new trial.

"Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly,"), and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention, but not considered." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003), aff'd on other grounds sub nom. Gutierrez v. Gonzales, 125 F. App'x 406 (3d Cir. 2005). "A motion for reconsideration must demonstrate two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature ..." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1347 (D. Minn. 1993). Alena attempts to argue that this Court disregarded dispositive factual matters or controlling decisions of law but is incorrect. This Court thoroughly cited to fact and law which it deferred to when issuing its decision. Alena's position is seemingly that this Court was wrong because it did not agree with her. Alena cites to no additional law or facts that this Court did not consider already when ruling and thus falls well short of the standards set forth for an amended ruling to be issued.

"The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to 'relitigate old issues, to advance new theories, or to secure a rehearing on the merits.'" Gutierrez, 289 F. Supp. 2d 555, 561. "A motion for a new trial in a nonjury case should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." Milwee v. Peachtree Cypress Inv. Co., 510 F. Supp. 284, 289–90 (E.D. Tenn. 1978), aff'd, 644 F.2d 885 (6th Cir. 1981).

"It is not the function of a motion for amendment of findings under Fed.Rules Civ.Proc. Rule 52(b), 28 U.S.C.A., to serve as a vehicle for a rehearing." Minneapolis-Honeywell Regul. Co. v. Midwestern Instruments, Inc., 188 F. Supp. 248, 254 (N.D. Ill. 1960), aff'd, 298 F.2d 36 (7th Cir. 1961). "A party may not attempt to introduce as 'newly discovered evidence' that which was available at trial but not introduced." Gutierrez, 289 F. Supp. 2d 555, 561. "Motions made under Fed.R.Civ.P. 52(b) and 59(a) are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence." Evans, Inc. v. Tiffany & Co., 416 F. Supp. 224, 244 (N.D. Ill. 1976).

All the evidence and arguments were available to Alena at trial and she had the opportunity to present her case. Alena is arguing now that she should have the ability to reopen arguments to rehear the same issue of whether her promissory notes are valid by providing testimony or other support that she had the opportunity to do at the initial trial. Alena being fully cognizant of the issue that was to be tried and failing to meet this essential element of her claim by failing to present evidence is neglect on her part and lacks the due diligence that is required for a new trial to be ordered. (See Butler v. Pettigrew, 409 F.2d 1205, 1207 (7th Cir. 1969) and Buder v. Fiske, 174 F.2d 260, 265–66 (8th Cir. 1949). Furthermore, it would be a stretch to even argue that more testimony or otherwise regarding Alena's promissory notes could be considered new evidence and not just cumulative

evidence going to the weight and credibility of existing evidence. See. In re Auburn Med. Realty, 4 B.R. 738, 739 (Bankr. D. Mass. 1980).

Alena's only legal arguments presented are the same arguments she presented in her initial brief on income definitions and the Court's reliance on her demeanor. Again, Alena presents no additional law or otherwise that would contradict this Court's ruling on its definition of income and seeks to have the issue reheard. Alena's argument that this Court finding Alena not credible is hardly an argument of legal merit. This Court is granted deference as to its own firsthand experience with witnesses and is permitted to make credibility decisions based on the demeanor of said witness. See King v. Exxon Co., U.S.A., 618 F.2d 1111, 1116 (5th Cir. 1980). It is baffling for Alena to attempt to argue that this Court could not consider the demeanor and credibility of Alena when she primarily offered her own testimony as proof of her lack of income and presented no other evidence to support her promissory notes besides her own testimony. It is unclear at all how Alena would expect that this Court should give extreme deference to her testimony without at all considering whether said testimony could be considered credible.

Alena's Motion offers no new facts or law that would indicate this Court misapplied the law or did not take all relevant facts into consideration. Alena provides zero support in statute or case law which would support her argument for either an amended finding or for a new trial. Similarly to her case at trial, she fails to meet her legal burden and presents nonsensical arguments in a motion that is harassing and serves no purpose but to delay this matter further and to force Paul to expend even more attorney's fees.

WHEREFORE, Defendant, Paul Kriley, prays that this court deny Alena Kriley's Motion to Amend Findings and for a New Trial and grant any other relief this Court deems proper including issuing sanctions and awarding attorney's fees to Paul for his having to respond to a baseless pleading.

Respectfully Submitted

PAUL KRILEY

DATED: October 10, 2025

__________/s/_________________
Jason G. Shore, Esquire of STERN MENDEZ

STERN MENDEZ
Jason G. Shore
Attorney for Paul Kriley
1200 Jorie Blvd
Suite 312
Oakbrook, IL 60523
Email: Jshore@sternmendez.com
Attorney Bar Number: 6304001